FARGO *v.* THE LOUISVILLE, NEW ALBANY & CHICAGO RY. CO.

*(Circuit Court, D. Indiana. May 3, 1881.)*

1. JOINT-STOCK COMPANY—CITIZENSHIP—SUIT IN NAME OF PRESIDENT

A New York joint-stock company possessing the right, by the law under which it was organized, to sue and be sued in the name of its president or treasurer, is a citizen of the state of New York in the same sense that corporations are citizens of the states under whose laws they are organized; and such joint-stock company may, by the comity of states, sue and be sued in the name of such officer in the federal courts as a citizen of New York, even though shareholders of such joint-stock company are citizens of the same state as the adverse party to the suit.

2. SAME—CORPORATE FRANCHISES.

In determining what such joint-stock companies are, regard is to be had to their essential attributes rather than to any mere name by

which they may be known. If the essential franchises of a corporation are conferred upon a joint-stock company, it is none the less a corporation because the statute calls it something else, or even designates it as an "unincorporated association."

3. SAME—FEDERAL JURISDICTION.

The reasons which induced the supreme court to hold that, for the purposes of federal jurisdiction, corporations are to be regarded as citizens of the states whose creatures they are, call with equal force for a similar ruling as to joint-stock companies organized under the laws of New York.

In Equity. Motion to Dismiss Suit for Want of Jurisdiction.

*Isaac Caldwell* and *E. F. Trabue,* for respondent, cited the following authorities: The American Express Company, not being a corporation, cannot sue as one in its corporate name or by its president. *Louisville, etc., R. Co.* v. *Letson,* 2 How. 497; *Marshall* v. *B. & O. R. Co.* 16 How. 314; *O. & M. R. Co.* v. *Wheeler,* 1 Black, 286. All shareholders must therefore be citizens of other states than Indiana. *Hope Ins. Co.* v. *Boardman,* 5 Cranch, 57; *Bank of U. S.* v. *Deveaux,* Id. 85; *Breithaupt* v. *Bank of Georgia,* 1 Pet. 238; *Bank of Cumberland* v. *Willis,* 3 Sumn. 472; *North River Co.* v. *Hoffman,* 5 John. Ch. 300; *Bank of Vicksburg* v. *Slocum,* 14 Pet. 60; *Whitney* v. *Mayo,* 15 Ill. 254; *Baldwin* v. *Lawrence,* 2 Simon & Stuart, 18; *Leigh* v. *Thomas,* 2 Vesey, Sr. 312; *Strowbridge* v. *Curtis,* 3 Cranch, 267; *Cameron* v. *McRoberts,* 3 Wheat. 591. The bill must show that all shareholders are citizens of other states than Indiana. *Anderson* v. *Jackson,* 2 Paine, 426; *Keeley* v. *Harding,* 5 Blatchf. 502; *Wood* v. *Mann,* 1 Sumn. 580; *Bingham* v. *Cabot,* 3 Dallas, 382; *Turner* v. *Enville,* 4 Dallas, 7; *Babyshall* v. *Oppenheimer,* 4 Wash. 483; Pomeroy on Remedies, etc., § 392. A circuit court is of limited jurisdiction, and a cause will be presumed to be without its jurisdiction unless the contrary appear from the record. *Turner* v. *Bank of North America,* 4 Dall. 11.

*Sherman S. Rogers* and *A. W. Hendricks,* for complainant, cited the following authorities: There is no want of jurisdiction unless the Indiana shareholders are indispensable parties. *West* v. *Randall,* 2 Mason, 196; *Payne* v. *Hook,* 7 Wall. 431; *Hotel Co.* v. *Wade,* 97 U. S. 13–21; Story's Eq.

Pl. §§ 72–100; *Horn* v. *Lockhart*, 17 Wall. 570; *Shields* v. *Barrow*, 17 How. 130. It would be a denial of justice to require all the shareholders to be made parties. *Hichens* v. *Congreve*, 4 Russell, 562; *Walworth* v. *Holt*, 4 Mylne & Craig, 619; *Richardson* v. *Hastings*, 7 Beav. 323, 11 Beav. 17. As to the character of joint-stock corporations. *Waterbury* v. *Merchants' Union Ex. Co.* 50 Barb. 158. The American Express Company, notwithstanding the residences of its shareholders, is, for the purpose of federal jurisdiction, a citizen of New York. *Fargo* v. *McVicker*, 55 Barb. 438–443. The president of such a joint-stock company is practically a corporation sole for the purpose of suing and being sued. *Life Ass'n of America* v. *Rundle*, (U. S. Supreme Court, 1884,) 12 Cent. Law J. 130; 13 Chic. Leg. N. 185; *Reddish* v. *Pinnock*, 10 Exch. 220; *Chapman* v. *Milvain*, 5 Exch. 61; *Hybart* v. *Parker*, 93 E. C. L. 212; *Westcott* v. *Fargo*, 61 N. Y. 547; *Overseers* v. *Sears*, 22 Pick. 125; *Liverpool, etc., Ins. Co.* v. *Massachusetts*, 10 Wall. 566.

GRESHAM, D. J. This is a suit in equity brought by William G. Fargo, a citizen of the state of New York, individually, and as president of the American Express Company, against the Louisville, New Albany & Chicago Railway Company for an injunction and other relief. The grounds of jurisdiction assigned in the bill are—(1) That the right of the American Express Company to sue and be sued in the name of its president is a franchise conferred upon it by the legislature of New York, which, by comity, follows it into other states where it is permitted to do business; also, that the president is a natural person and a citizen of the state of New York, and the defendant is a citizen of the state of Indiana. (2) That if it be held that the complainant, as such president, is not entitled to maintain the suit under the laws of New York, then he brings the suit, not only in his own name and behalf individually as a shareholder in the company, but also in behalf of such of the other numerous shareholders not citizens of the state of Indiana as shall come in and be made parties to the suit, and share in the expense thereof.

The defendant's objections to the jurisdiction of the court are that the American Express Company is not a corporation, but a mere voluntary association, with no existence as an entity separate from the existence of its members; that, not being a citizen in the sense in which a corporation is, it can sue only with the names of all its associates, who, upon the face of the bill, must appear to be citizens of states other than the state of Indiana; that the New York Statutes, which, it is claimed, authorized this suit to be brought in its present form, permit the president to sue only when all the stockholders can sue, and that all the stockholders of this company could not sue, because they are all of the same class, and some of them are citizens of the same state as the defendant; that the laws of New York, which confer upon this company certain corporate franchises, have no extraterritorial effect, and that the jurisdiction of this court is not of comity, but of constitutional right. The judicial power of the United States is extended by the constitution to "controversies between citizens of different states," and by the judiciary act jurisdiction is conferred upon the circuit courts of the United States when "the suit is between a citizen of the state where the suit is brought and a citizen of another state." It is now settled that for the purposes of federal jurisdiction corporations are regarded as citizens of the states where they are created, and no averment as to the citizenship of the members elsewhere will be permitted.

Is the American Express Company, which is a joint-stock company, organized under the laws of New York, a citizen in the same sense and for the same purpose? In chapter 258 of the laws of 1849 of the state of New York, and in subsequent amendatory acts, joint-stock companies may sue and be sued in the name of the president and treasurer when the nature of the cause of action is such that the suit might be maintained by or against all the shareholders. Such companies are endowed with perpetual succession, dissolution not resulting from changes in membership produced by death or otherwise. A pending suit by or against the president or treasurer of the company is not abated by the death, resigna-

tion, or removal of such officers; and a judgment against the president or treasurer, as such, is not a lien upon their individual property, but execution is levied upon the property of the company only, the shareholders being liable individually after an ineffectual effort to thus collect the debt from the company. These are privileges that are not enjoyed by natural persons or partnerships. While these companies have no common seal, it is difficult, in other respects, to distinguish them from corporations. They are organized under general laws very much as incorporations are now usually organized. Their stock is divided up into shares and sold on the stock boards, just as the stock of corporations is divided. up and sold.

Corporations are artificial persons—ideal creatures of the state—and so are New York joint-stock companies. It is of no consequence that in the statutes under which these companies are organized they are called "unincorporated associations." In determining what such institutions really are, regard is to be had to their essential attributes rather than to any mere name by which they may be known. If the essential franchises of a corporation are conferred upon a joint-stock company, it is none the less a corporation for being called something else. Section 3, art. 8, of the constitution of New York declares that "the term corporation, as used in this article, shall be construed to include associations and joint-stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships, and all corporations shall have the right to sue, and shall be subject to being sued, in all courts in like cases as natural persons." It is urged, however, by counsel for the defendant that the statute which confers the right upon these companies to sue and be sued in the name of the president or treasurer relates to the remedy only, and that it can have no extraterritorial effect.

Experience demonstrated the usefulness of these institutions in carrying on trade and business, and convenience required that they should be allowed to sue and be subject to suit in the name of an individual who should represent the

companies as distinct from the individuals composing them. The right of such companies to sue, and of others, including their own shareholders, to sue them, could not be acquired by agreement between the associates. In England, by an act of parliament, a public officer is designated to represent the individuals composing joint-stock companies in the courts, both as plaintiff and defendant, and a judgment taken against him, in his representative capacity, binds only the property of the company. In New York, where the same necessity was felt for a representative of joint-stock companies in litigation both by and with them, the legislature provided that suits might be brought by and against such companies in the name of the president or treasurer. Aside from considerations of convenience, it would be a practical denial of justice to hold that such organizations, representing as they do large interests, with numerous and ever-changing shareholders, can sue and be sued only in the names of all their associates, as in the case of partnerships. It is only by comity that a corporation which has been created by one state is permitted to carry on its business in other states, and there sue in its corporate name; and it is not easy to assign a reason why the same rule of comity should not apply in favor of joint-stock companies, which in character are not unlike corporations.

In 1855 the legislature of Indiana passed an act (1 Davis, 466) relating to express companies. At that time, and ever since, the express business in this state has been done by foreign companies organized as this company was. By this act it is declared that all such companies, (and clearly foreign companies are contemplated,) before entering upon business in any county in this state, shall file in the clerk's office of that county a statement of their membership, the amount of capital invested in their business, and an agreement that service of process upon any agent of the company shall be deemed good service on the company. Here was a recognition by the state of the existence of express companies like the American, with all the privileges which they enjoyed where organized, one of which was the right to sue in a representative or common name.

The legislature of Massachusetts passed a statute which imposed upon each fire, marine, and fire and marine insurance company, incorporated or associated under the laws of any government or state other than one of the United States, a tax of 4 per cent. upon all premiums charged or received on contracts made in that state for insurance of property. With this statute in force, the state of Massachusetts filed a bill in its supreme judicial court against the Liverpool & London Life & Fire Insurance Company to collect a tax of 4 per cent. on its premiums upon contracts made in Massachusetts, and to restrain the company from doing further business until the tax was paid. Payment of the tax was resisted on the ground that the defendant was an association of natural persons, under certain deeds of settlement and especial acts of parliament, and not a corporation. In these acts of parliament, conferring privileges on the company, it was declared not to be the intention to make it a corporation. The supreme court of Massachusetts gave a decree against the company. In affirming the case on appeal the supreme court of the United States held (10 Wallace, 566) that, as the law of corporations is understood in this country, the Liverpool & London Life & Fire Insurance Company was exercising corporate franchises in Massachusetts, and that it was liable as a corporation to pay the tax under the statute of that state.

In the case of *Westcott* v. *Fargo*, 61 N. Y. 542, it was held that under section 3, art. 8, of the constitution of New York, and under the legislation of that state, already alluded to, the president of the American Express Company was to be deemed a corporation sole for the purpose of suing and being sued in the courts of that state. The reasons which induced the supreme court to hold that, for the purposes of federal jurisdiction, corporations are to be regarded as citizens of the states whose creatures they are, call with equal force for a similar ruling in favor of joint-stock companies which are organized under the laws of New York. It is no less convenient for the public than it is for these companies that they should be allowed to sue and be sued in the name of the presi-

·dent or treasurer. If they are not allowed the privilege of ·thus suing they cannot be thus sued. The American Express ·Company has a capital stock of $18,000,000, with more than 3,000 shareholders. Its right to sue and its liability to suit in the name of its president or treasurer is a franchise conferred upon it by the laws of New York, which by comity should and does follow it into other states, and William G. Fargo, who brings the suit as president, is a citizen of New York, and the defendant is an Indiana corporation and a ·citizen of that state.

For these reasons I think the suit is properly brought, and, ·without deciding other questions which were argued by counsel, the motion to dismiss for want of ·jurisdiction is over·ruled.