### In re CARTHAGE LODGE, NO. 365, I. O. O. F.

#### (District Court, N. D. New York. March 11, 1916.)

1. BANKRUPTCY ⚖➡43—WHO MAY BECOME VOLUNTARY BANKRUPTS—"PERSON" —"CORPORATION"—BODY.

Bankr. Act July 1, 1898, c. 541, § 4a, 30 Stat. 547, as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797, and Act June 25, 1910, c. 412, §§ 3, 4 (Comp St. 1913, § 9588), provides that any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits thereof as a voluntary bankrupt. Section 1, cl. 19 (section 9585), defines "persons" as including corporations except where otherwise specified. Section 1, cl. 6, defines "corporation" as meaning all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and as including limited or other partnership associations organized under laws making the subscribed capital alone responsible for debts. Const. N. Y. art. 8, §§ 1–3, authorizes the formation of corporations under general laws, and defines "corporations," as used therein, as including all associations and joint-stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships. Benevolent Orders Law (Consol. Laws N. Y. c. 3) § 2, provides that either of the orders therein specified, including a lodge of Odd Fellows, may at any regular meeting elect three trustees; and sections 3 and 5 give such trustees power to hold and convey, under the direction of the lodge, all of its property, sue for and recover it, manage its property, etc. *Held*, that such a lodge, which has filed articles or a certificate of incorporation evidencing the election of trustees in accordance with the statute, is a body having some of the powers and privileges of private corporations not possessed by individuals or partnerships, and may file a voluntary petition in bankruptcy, though not designated as a corporation by the statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 38; Dec. Dig. ⚖➡43.

For other definitions, see Words and Phrases, First and Second Series, Corporation; Person.]

2. CORPORATIONS ⚖➡31—CREATION—CONSTRUCTION OF LEGISLATIVE ACTS.

To constitute a legislative grant of corporate powers and franchises no certain forms are required.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 101, 102; Dec. Dig. ⚖➡31.]

3. BANKRUPTCY ⚖➡44—VOLUNTARY PETITION—SIGNATURE.

Where a voluntary petition in bankruptcy on behalf of a lodge of a fraternal order was duly authorized by a vote of the lodge itself and purported to be the petition of the lodge, and the trustees of the lodge, by whom it was signed, were by statute vested with the corporate powers,

---

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and were authorized by a vote of the lodge to execute and file such petition, the petition was sufficient, though signed in the name of the trustees, instead of the name of the lodge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 43–46; Dec. Dig. 🖙44.]

In Bankruptcy. In the matter of Carthage Lodge, No. 365, Independent Order of Odd Fellows, bankrupt. On application to vacate the adjudication and dismiss the petition. Application denied.

This is a motion or application by certain of the creditors of Carthage Lodge, No. 365, Independent Order of Odd Fellows, which has been adjudicated a bankrupt, to vacate and set aside the adjudication and dismiss the proceedings, on the ground mainly that a subordinate lodge of Odd Fellows, organized and existing under the laws of the state of New York, is neither a person nor a corporation, nor subject to nor entitled to the benefits of the Bankruptcy Act of 1898, as amended in 1910, and cannot be adjudged a bankrupt under the provisions of said act.

W. B. Van Allen, of Carthage, N. Y., for the motion.

Porter & Porter, of Carthage, N. Y., opposed.

RAY, District Judge. [1] December 10, 1915, Carthage Lodge, No. 365, Independent Order of Odd Fellows, of the village of Carthage, Jefferson County, N. Y., filed its voluntary petition in bankruptcy praying that:

"Wherefore your petitioner prays that it, the said Carthage Lodge, No. 365, Independent Order of Odd Fellows, may be adjudged by the court to be a bankrupt within the purview of said acts"

—referring to the acts set out in the petition. The petition says:

"The petition of Carthage Lodge, No. 365, Independent Order of Odd Fellows, of the village of Carthage, Jefferson county, N. Y., and district of Northern New York, and state of New York, and having its principal place of meeting and business at said village of Carthage, in said district and state, respectfully .represents."

The petition then states:

"That said Carthage Lodge, No. 365, Independent Order of Odd Fellows, is a benevolent order, incorporated, organized, created, and existing under and by virtue of the law of the state of New York known as the Benevolent Orders Law, and that it has had its principal place of meeting and the place for the transaction of its business at the village of Carthage, Jefferson county, N. Y., for the entire period of time during the six months next immediately preceding the filing of this petition."

The petition then sets out that the Carthage lodge owes debts which it is unable to pay in full, and that it is willing to surrender all of its property for the benefit of its creditors, and desires to obtain the benefits of the acts of Congress relating to bankruptcy. The petition then states:

"That at a regular meeting of said Carthage Lodge, No. 365, Independent Order of Odd Fellows, held in its lodgerooms in the village of Carthage, Jefferson county, N. Y., on the 10th day of August, 1915, a resolution was then and there duly and legally adopted and entered in the minutes of said meeting consenting to be adjudged bankrupt, within the purview of the act of Congress relating to bankruptcy, and empowering and directing the trustees of said

Carthage Lodge, No. 365, Independent Order of Odd Fellows, in their name and in the name of said Carthage Lodge, No. 365, Independent Order of Odd Fellows, to execute and file a petition praying that such an adjudication be made, a copy of which resolution is hereto annexed and is hereby referred to as forming a part of this petition."

To the petition was annexed the schedules in accordance with law. This petition was signed:

"By Herman J. Starkweather, Thomas W. Da Foe, J. F. Arthur, Trustees of Carthage Lodge, No. 365, I. O. O. F."

It was duly verified by these trustees on the 19th of November, 1915. A certified copy of the resolution referred to, authorizing the institution of the bankruptcy proceedings, is also annexed to the petition. In signing and executing same the trustees did not sign the name "Carthage Lodge, No. 365, Independent Order of Odd Fellows." However, adjudication was actually made on the petition.

The articles of incorporation or certificate of incorporation of said Carthage Lodge, No. 365, Independent Order of Odd Fellows, reads as follows:

"Whereas, the members of Carthage Lodge, No. 365, I. O. O. F., chartered by and under the jurisdiction of the Grand Lodge of the State of New York are desirous of having the benefit of chapter 377 of the Laws of 1896, entitled 'An act in relation to benevolent orders, constituting chapter 44 of the General Laws,' and acts amendatory thereof and supplementary thereto:

"Now, therefore, we, the undersigned officers of said Carthage Lodge, do hereby certify that at a regular meeting of said Carthage Lodge, No. 365, I. O. O. F., held in their rooms at Carthage, Jefferson county, N. Y., on the 6th day of March, 1906. F. M. Galloway and M. C. Paul and E. C. Lovjoy were duly elected as trustees for said lodge for the purposes of said acts, in accordance with the constitution and general rules and regulations of the Grand Lodge under the jurisdiction of which said Carthage Lodge is chartered and in conformity to the by-laws of said Carthage Lodge, and that the persons so elected then were and now are members of said Carthage Lodge, No. 365, I. O. O. F., in full membership and in good and regular standing therein.

"We further certify that the said trustees so elected were and have been divided by lot by the officers making this certificate of election as follows: E. C. Lovjoy, for one year. M. C. Paul, for two years. F. M. Galloway, for three years.

"We further certify that each of said trustees has duly accepted said office and qualified as such.

"In witness whereof, we, the undersigned, the Noble Grand, Vice Grand, and Recording Secretary of Carthage Lodge, No. 365, I. O. O. F., being the first three elective officers of such lodge, have hereunto signed and acknowledged this certificate of election, and affixed the official seal of said lodge hereto, this 6th day of March, 1906, and file the same for the purposes hereinbefore specified.

"[Seal.]                                      J. E. Gay, N. G.
                                              "W. H. Sylver, V. G.
                                              "A. C. Root, R. S.

"State of New York, County of Jefferson—ss.:

"On this 6th day of March, 1906, before me personally appeared Jesse E. Gay, William H. Sylver, and Arthur C. Root, to me known to be the same persons mentioned and described in and who executed the foregoing instrument, and they severally duly acknowledged that they executed the same.

"[Seal of Notary.]                 Leander E. Bossout, Notary Public."

This certificate or article of incorporation was filed and recorded in the office of the secretary of state of the state of New York on the

14th day of March, 1906. Thereafter this lodge did business as authorized by its charter or articles of incorporation and the laws of the state of New York, and incurred debts and obligations which it was unable to pay, and as to this there is no question or dispute. The unsecured debts of the lodge amounted to $16,686.91.

By chapter 11, Laws of 1909 of the state of New York, entitled "An act relating to benevolent orders," constituting chapter 3 of the Consolidated Laws, it is provided, "This chapter shall be known as the 'Benevolent Orders Law,'" and

"Sec. 2. *Organization.* Either of the following orders: * * * A lodge of Odd Fellows, duly chartered by and installed according to the general rules and regulations of the Grand Lodge of the Independent Order of Odd Fellows of the state of New York * * * —may elect at any regular communication, convocation, encampment or other regular meeting thereof, by whatever name known, held in accordance with the constitution and general rules and regulations of such grand lodge, * * * three trustees for such lodge. * * *

"Sec. 3. *Powers.* Such trustees may take, hold and convey by and under the direction of such lodge, * * * all the temporalities and property belonging thereto, whether real or personal, and whether given, granted or devised directly to it or to any person or persons for it, or in trust for its use and benefit, and may sue for and recover, hold and enjoy all the debts, demands, rights and privileges, and all buildings and places of assemblage, with the appurtenances, and all other estate and property belonging to it in whatsoever manner the same may have been acquired, or in whose name soever the same may be held, as fully as if the right and title thereto had been originally invested in them; and may purchase and hold for the purpose of the lodge, * * * other real and personal property, and demise, lease and improve the same. They may also issue their bonds or other evidences of indebtedness in such amounts and for such time and in such form as they shall determine for the exclusive purpose of raising money to pay for any real estate purchased and held by them, and for the improvement of the same, as hereinabove provided, and may mortgage such real estate for the purpose of securing the bonds or other evidences of indebtedness so issued by them. The proceeds of such bonds or other evidences of indebtedness shall be applied exclusively to pay for such real estate and the improvement thereof. Every such lodge, * * * may make rules and regulations, not inconsistent with the laws of this state, or with the constitution or general laws of the grand lodge or other governing body to which it is subordinate, for managing the temporal affairs thereof, and for the disposition of its property and other temporal concerns and revenue belonging to it, and the secretary and treasurer thereof, duly elected and installed according to its constitution and general regulations and law, shall, for the time being, be ex officio its secretary and treasurer. * * *

"Sec. 5. *Powers of Trustees.* Such trustees shall have the care, management and control of all the temporalities and property of the lodge, * * * and they shall not sell, convey, mortgage or dispose of any property except by and under its direction, duly had or given at a regular or stated communication, convocation, encampment or meeting thereof, according to its constitution and general regulations. They shall at all times obey and abide by the directions, orders and resolutions of such lodge, * * * duly passed at any regular or stated communication, convocation, encampment or meeting thereof not in conflict with the constitution and laws of this state or of the grand body to which it shall be subordinate, or of such lodge."

By section 4a of the act entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved July 1, 1898, amended February 5, 1903, June 15, 1906 (34 Stat. 267, c. 3333 [Comp. St. 1913, § 9648]), and June 25, 1910, it is provided that:

"*Any* person except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this act as a voluntary bankrupt."

Turning to section 1 of the same act, "Meaning of Words and Phrases," (19), we find:

"'*Persons*' shall include corporations, except where otherwise specified, and officers, partnerships and women, and when used with reference to the commission of acts which are herein forbidden shall include persons who are participants in the forbidden acts, and the agents, officers, and members of the board of directors or trustees, or other similar controlling bodies of corporations." Comp. St. 1913, § 9585.

Section 1 (6) says:

"'*Corporations*' shall mean *all bodies* having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall *include* limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association." Comp. St. 1913, § 9585.

It is clear, therefore, that *any corporation or partnership* is entitled to the benefits of the act, and may file a voluntary petition in bankruptcy, except a "municipal, railroad, insurance or banking corporation." The Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), as to those entitled to the benefits of the act, was narrower than is the act of 1898, as amended in 1910, as that act of 1867 limited the benefits of the act in case of voluntary bankrupts to "moneyed, business, or commercial corporations." The corporations entitled to the benefits of the act of 1898 as voluntary bankrupts are not limited to moneyed, business, or commercial corporations. Municipal, railroad, insurance, and banking corporations only are excluded from the benefits of the act of 1898, as amended, as *voluntary* bankrupts. When we come to subdivision "b" of section 4, we find that *only* moneyed, business, or commercial corporations, excepting therefrom municipal, railroad, insurance and banking corporations, may be proceeded against in *involuntary* bankruptcy.

The question then is: Is the Carthage Lodge, No. 365, Independent Order of Odd Fellows, of Carthage, N. Y., a person or corporation within the meaning of said bankruptcy act? Such lodge certainly has some of "the powers and privileges of private corporations not possessed by individuals or partnerships." It is a creation of the statutes of the state of New York. Its purposes, generally speaking, are benevolent or charitable in character. It has power to elect trustees to manage its affairs. These trustees may take, hold, and convey, under its direction, all the temporalities and property belonging to it, whether real or personal, and may sue for and recover, hold and enjoy same in whatsoever manner the same may have been acquired, and may demise, lease, and improve all such property, real or personal. These trustees hold for the lodge, and are subject to its directions. It may make rules and regulations for managing its temporal affairs and for the disposition of its property, etc. There is no express power to incur debts generally, but this power for corporate purposes is plainly implied, and its property is liable for the payment of such debts.

In 1 Morawetz on Private Corporations, § 1, pp. 1 and 2, it is said:

"A corporation was described by Chief Justice Marshall, in the Dartmouth College Case, as 'an artificial being, invisible, intangible, and existing only in contemplation of law.' A corporation has also been designated a legal entity, a creature of the law, a legal institution, a fictitious or political person. These and similar definitions have received the approval of many eminent authorities.

"According to Kyd, a corporation is 'a collection of many individuals united into one body, under a special denomination, having perpetual succession under an artificial form, and vested by the policy of the law with the capacity of acting in several respects as an individual, particularly of taking and granting property, of contracting obligations, and of suing and being sued, of enjoying privileges and immunities in common, and of exercising a variety of political rights, more or less extensive according to the design of its institution, or the powers conferred upon it, either at the time of its creation or any subsequent period of its existence.'

"This definition is not inconsistent with that given by Chief Justice Marshall, when correctly understood. Kyd describes a corporation as a collection of many individuals authorized to act *as if they were one person.* Chief Justice Marshall, on the other hand, treats the collection of individuals constituting the corporation as a united body, and personifies it, while he considers the individuals who together compose this body merely as component parts. It is apparent that both definitions describe the same thing regarded from different points of view."

[2] To constitute a legislative grant of corporate powers and franchises no certain forms are required. Mahoney v. Bank of Arkansas, 4 Ark. 620; Del. Div. Canal Co. v. Commonwealth, 50 Pa. 399; Walsh v. Trustees of N. Y., etc., Bridge, 96 N. Y. 427; Denton v. Jackson, 2 Johns. Ch. (N. Y.) 320; Bow v. Allenstown, 34 N. H. 351, 69 Am. Dec. 489; 1 Morawetz on Private Corporations, § 18, p. 19. In 1 Morawetz, § 18, supra, it is said:

"No certain forms are necessary to a grant of corporate franchises, unless required by the Constitution. Any expression showing an intention on the part of the legislature to confer the right to exercise corporate powers is sufficient, and this intention may be deduced from the whole of the legislative act. The use of the word 'incorporate,' or a similar expression, is not necessary. Thus the statute chartering the Arkansas State Bank contains no express words incorporating any particular persons, but provided that the management of the bank should be under a given number of directors, to be chosen by the Legislature, and conferred the usual banking powers upon them. This was held to incorporate the directors, inasmuch as they could exercise the powers conferred upon them only in a corporate capacity."

In 10 Cyc. 145, it is said:

"In order that an aggregate body should be regarded as a corporation, it is not necessary that it should be called such in its charter or governing statute." Oliver v. Liverpool, 100 Mass. 531, affirmed 10 Wall. (U. S.) 566, 19 L. Ed. 1029; Edgeworth v. Wood, 58 N. J. Law, 463, 33 Atl. 940; Westcott v. Fargo, 6 Lans. (N. Y.) 319, affirmed 61 N. Y. 542, 19 Am. Rep. 300; Fargo v. Louisville (C. C.) 6 Fed. 787.

It follows that it is not necessary that the statute itself call its creation a "corporation" in order to make it one.

Created by statute, a lodge of the Independent Order of Odd Fellows has a name of its own and power to purchase and own property, incur and pay debts, and to sue and be sued. It is composed of an

association of individuals, which by statute is made an "entity." These persons act as one body and under one name, for the common good, with statutory powers and duties. In 29 Cyc. 14, it is said:

"Beneficial or fraternal societies may be formed by voluntary association, but statutes expressly authorizing the incorporation of such societies are not uncommon."

In 10 Cyc. 143, will be found a citation of many cases defining a corporation, and this lodge in question here is a corporation within each and every one of them. Thus 1 Dillon, Mun. Corp. (3d Ed.) § 18, defines a corporation as:

"A *legal* person with a special name, composed of such members and endowed with such powers, and such only, as the law prescribes."

In 1 Kyd, Corp. 13, approved in many cases, a corporation is defined as:

"A collection of many individuals, united into one body, under a specific denomination, having perpetual succession under an artificial form, and vested, by the policy of the law, with the capacity of acting, in several respects, as an individual."

In Coyle v. McIntire, 7 Houst. (Del.) 44, 88, 30 Atl. 728, 730 (40 Am. St. Rep. 109), we have this definition:

"A legal institution, devised to confer upon the individuals of which it is composed powers, privileges, and immunities which they would not otherwise possess."

In Horn Silver Mining Co. v. New York, 143 U. S. 305, 312, 12 Sup. Ct. 403, 404 (36 L. Ed. 164), it is said, speaking of a corporation:

"Its creation (except where the corporation is sole) is the investing of two or more persons with the capacity to act as a single individual, with a common name, and the privilege of succession in its members, without dissolution, and with a limited individual liability."

In 1 Remington on Bankruptcy (2d Ed.) § 80, page 104, it is said, and correctly:

"It will be observed, with regard to the voluntary bankruptcy of corporations, that the amendment of 1910 is broader than the old law of 1867, inasmuch as *any* corporation, 'except a municipal, railroad, insurance or banking corporation,' may, under the amendment of 1910, petition for its own adjudication as bankrupt, whether or not it be a 'moneyed, business or commercial corporation,' whilst, under the old law of 1867, only 'moneyed, business or commercial corporations' could do so; and yet, on the other hand, the amendment of 1910, so far as relates to the involuntary bankruptcy of corporations, is not so broad as the old law of 1867, because it excepts 'municipal, railroad, insurance and banking corporations.'"

What is true of an educational institution or corporation is of course true of a fraternal, a benevolent, or any other institution organized under the laws of the state and having the attributes of a corporation within the terms and meaning of the Bankruptcy Act. Remington says in the same section quoted from:

"Thus it is possible that an educational institution, although neither a moneyed, business, or commercial corporation, may voluntarily petition for its own adjudication as bankrupt under the amendment of 1910, though not subject to involuntary bankruptcy."

But this is equally true of wage-earners and farmers, who are not subject to involuntary bankruptcy, but may become voluntary bankrupts. Indeed, if a business, a moneyed, a trading, or a manufacturing institution organized under and pursuant to the laws of the state and owning property and owing debts is entitled to the benefits of the Bankruptcy Act, it is difficult to understand why an educational, beneficial, fraternal, or charitable institution organized under the laws of the same state and owning property and owing debts lawfully contracted may not have the benefits of the act. Certainly it is no more in the interest of the general public that the one have the benefits of the act than that the other have. Why should the latter class of corporations mentioned be ruined and driven out of business by the burden of their debts, while the business, commercial, manufacturing, and moneyed corporations are permitted to take the benefits of the Bankruptcy Act and start business anew? I do not think Congress intended any such differentiation, and I am not aware of any rule of public policy which requires a construction of the Bankruptcy Act different from the one I am giving it. In fact, I am unable to see that the statute is at all equivocal.

Within section 4a, read with section 1 (6) and section 1 (19), all corporations are persons, and within the purview of the act, except municipal, railroad, insurance, and banking corporations, and entitled to the benefits of the act as voluntary bankrupts, and, as stated, the law does not concern itself with the nomenclature in the statute creating such corporations. If it did, a lodge of Odd Fellows created under the laws of Massachusetts would be entitled to the benefits of the act, if there called "a corporation," while such a lodge, with exactly the same powers and privileges, would not be if created under a precisely similar statute of Pennsylvania, if in such statute called a beneficial association or by some other name. The question is: Is it a corporation within the meaning and intent and definition of the Bankruptcy Law? The bankruptcy law has prescribed what "bodies" or associations of persons shall be deemed a corporation within its meaning, and this law is paramount: That an association of a considerable number of men under a common name, with a constitution and by-laws, and with power to elect governing trustees, and recognized by the statutes of the state as a single body or "entity," and given power to own real and personal property and sue and be sued, and act by its trustees duly elected as a single body, is a *body* having some of the powers and privileges of private corporations not possessed by individuals or partnerships, cannot be doubted. Such a *body* is differentiated from a partnership. In 1 Bouvier a corporation is defined as:

"A *body* consisting of one or more natural persons, established by law, usually for some specific purpose, and continued by a succession of members."

In 7 Am. and Eng. Encyclopedia of Law (2d Ed.) 645, it is said:

"It is well settled that no particular form of words or expression is essential to the creation of a corporation. If the legislative intention to clothe an association of persons with rights, privileges, and powers to be enjoyed and exercised under a collective name, and for designated purposes, and in a corporate capacity, is clearly manifested, the association is by implication a corporation."

In Thomas v. Dakin, 22 Wend. (N. Y.) 94, the court said, after citing cases: •

"The principle of these and the like cases is that words of the king (Legis- lature) granting that a body of men shall have the power to hold property or enjoy privileges amount by the force of the phrase, by operation or im- plication of law, to the creation of a corporation."

Sections 1, 2, and 3 of article 8 of the Constitution of the state of New York read as follows:

*"Corporations, Formation of.*—Section 1. Corporations may be formed un- der general laws; but shall not be created by special act, except for munic- ipal purposes, and in cases where, in the judgment of the Legislature, the ob- jects of the corporation cannot be attained under general laws. All general laws and special acts passed pursuant to this section may be altered from time to time or repealed.

*"Dues of Corporations.*—Sec. 2. Dues from corporations shall be secured by such individual liability of the corporators and other means as may be prescribed by law.

*"Corporation, Definition of term.*—Sec. 3. The term corporations as used in this article shall be construed to include all associations and joint-stock companies 'having any of the powers or privileges of corporations not pos- sessed by individuals or partnerships. And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natu- ral persons."

It will be observed that the Constitution of this state uses the words "associations and joint-stock companies," while section 1 (6) of the Bankruptcy Act uses the single word "bodies," which is more com- prehensive. Clearly under this provision of the Constitution of the state a lodge of Odd Fellows is a corporation, whether so named in the act creating it or not, for it is an "association" of members having the powers heretofore specified.

[3] As to the signing of the petition, I think it sufficient. The cor- porate powers seem to be vested in the trustees of the lodge, and the petition was duly authorized by a vote of the body itself, and on its face is "the petition of Carthage Lodge, No. 365, Independent Order of Odd Fellows, of the village," etc., and of the trustees, and is signed by the trustees, who by resolution were authorized to sign.

The application to vacate the adjudication and dismiss the bank- ruptcy petition and proceeding is denied, and there will be an order accordingly.