## In re ELMSFORD COUNTRY CLUB.
### No. 50478.

District Court, S. D. New York.
March 12, 1931.

Arthur Leonard Ross, of New York City, for petitioning creditors.

Samuel Robert Weltz, of New York City (Benjamin M. Franklin, of New York City, of counsel), for judgment creditors Geo. Alexander & Son.

Mark, Allin & Tucker, of New York City, for receiver Irving Trust Co.

PATTERSON, District Judge.

An involuntary petition in bankruptcy was filed against the Elmsford Country Club on January 28, 1931. On January 31, 1931, the club appeared and filed its consent to be adjudged bankrupt. The order of adjudica-

tion followed on February 3, 1931. On February 9th George Alexander and Philip Alexander, judgment creditors in whose behalf levy of execution had been made, moved to vacate the adjudication on the ground that the club is a membership corporation not engaged in conducting business for gain or profit, and that the proceedings were therefore jurisdictionally defective. On the argument of the motion, it was conceded that the club is a membership corporation which operated a golf course for the pleasure of its members.

▆▆▆ The club is undoubtedly capable of being a voluntary bankrupt. The only exceptions to the generality that all persons may become voluntary bankrupts are municipal, railroad, insurance, and banking corporations. It is equally clear that the club, a membership corporation formed for furnishing recreation to its members, cannot be the object of involuntary proceedings in bankruptcy. Section 4 of the Bankruptcy Act (11 USCA § 22) states that any moneyed, business, or commercial corporation, except a municipal, railroad, insurance, or banking corporation, may be adjudged an involuntary bankrupt. The alleged bankrupt is not within the class of moneyed, business, or commercial corporations. In re Fulton Club (D. C.) 113 F. 997; In re Supreme Lodge of Masons Annuity (D. C.) 286 F. 180. The petition stated that the alleged bankrupt was a membership corporation. A membership corporation is one organized for other purposes than that of pecuniary gain (Membership Corporations Law, § 2, Consolidated Laws of New York, c. 35), and there is nothing to show that the club departed from its original purpose and entered the field of commerce. The petition was thus defective on its face. The defect, moreover, was a jurisdictional one; the pleading showed a lack of jurisdiction over the subject-matter of the proceeding. In re New York Tunnel Co. (C. C. A.) 166 F. 284.

▆▆▆ But the club answered the petition, setting forth its willingness to be adjudged bankrupt. This fact raises the question whether the proceeding was changed from an involuntary one to a voluntary one and the jurisdictional defect thus cured; for no one can doubt that the club might have filed a voluntary petition and thus been adjudged bankrupt. There is plausibility in the argument of the petitioning creditors that the answer thus broadened the court's jurisdiction, but the authorities which I have read are against it. It has been decided in several cases that the filing of an answer by an alleged bankrupt, asking that he be adjudged bankrupt, does not convert an involuntary proceeding into a voluntary one. In re Supreme Lodge, supra. See, also, In re Condon (C. C. A.) 209 F. 800; Central State Bank v. Harrington (C. C. A.) 4 F.(2d) 514.

▆▆▆ Finally, the petitioning creditors accuse the moving parties of laches, and say that they have no standing to have the adjudication vacated. There is no merit in this argument. The act, in section 18 (11 USCA § 41), accords to creditors, as well as to the alleged bankrupt, the right to oppose the petition within an indicated time, and here the moving parties made their opposition within such time. It is true that the order of adjudication had already been entered, but that was due to the premature answer of the alleged bankrupt. Such an adjudication does not cut off the right of creditors to register their opposition within the time set by section 18 and to ask that the adjudication be vacated. The moving parties are therefore before the court as of right and not as matter of favor, and there is no basis for the charge of laches. In this respect the case differs from cases like In re Urban & Suburban Realty Title Co. (D. C.) 132 F. 140, and In re New England Breeders' Club (C. C. A.) 169 F. 586, where the creditors seeking to vacate the adjudication did not appear until long after the time fixed in section 18.

The motion will accordingly be granted and the adjudication vacated. The club may, of course, file a voluntary petition.