In re PHILADELPHIA CONSISTORY SUBLIME PRINCES ROYAL SECRET 32° ANCIENT ACCEPTED SCOTTISH RITE.

No. 21745.

District Court, E. D. Pennsylvania.

Sept. 4, 1941.

646

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for petitioner.

James A. Walker and J. Webster Jones, both of Philadelphia, Pa., for bankrupt.

KALODNER, District Judge.

The question involved is whether an unincorporated fraternal association not conducted for profit may file a voluntary petition in bankruptcy. (The parties have eliminated the controversy whether the association in question is a "moneyed, business, or commercial" organization.)

The matter comes before me on petition to dismiss the voluntary petition, answer and amended answer, and reply to amended answer. I am considering the voluntary petition itself as part of the record.

On May 23, 1941, "Philadelphia Consistory Sublime Princes Royal Secret 32° Ancient Accepted Scottish Rite", hereinafter for brevity called the Consistory, filed a voluntary petition in bankruptcy. The petition is executed in the name of the Consistory by its treasurer, and attached to the petition is a certified copy of a resolution under the seal of the Consistory authorizing the filing and execution of the petition, and a certification by the secretary, likewise under seal of the Consistory, of the adoption of this resolution and its correctness as appearing on the minutes of the association.

The amended answer to the petition to dismiss sets forth (paragraph 2):

"It is averred that Philadelphia Consistory is an unincorporated beneficial association, and that from time to time it gives various funds, aid and support to those of its members and members' families, in need and applying to it for such. * * *

"It is further averred that Philadelphia Consistory has the following powers and privileges of a corporation, that is to say: It is an association of more than seven thousand men; has a common name; has a constitution and bylaws; it elects governing trustees; it has powers to own real estate and personal property, and does so own them; it has power to sue and be sued; it acts by its trustees, who are elected as a single body."

Section 4 of the amended Bankruptcy Act, the Chandler Act, approved June 22, 1938, 11 U.S.C.A. § 22, provides as to "Who may become bankrupts":

(a) "Any person, except a municipal, railroad, insurance, or banking corporation or a building and loan association, shall be entitled to the benefits of this Act [title] as a voluntary bankrupt."

(b) "Any natural person, except a wage earner or farmer, and any moneyed, business, or commercial corporation, except a building and loan association, a municipal, railroad, insurance, or banking corporation, owing debts to the amount of $1,000 or over, may be adjudged an involuntary bankrupt * * *."

Section 1, Meaning of Words and Phrases, subdivision 23, of the amended Bankruptcy Act, the Chandler Act, defines a "Person" as follows: " 'Persons' shall include corporations, except where otherwise specified, and officers, partnerships, and women, * * *."

It is to be noted that the definition of "Persons" includes "corporations", and the definition of a corporation appears in section 1, subsection 8, of the same Title, as follows: " 'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

It is contended by the petitioner who seeks to dismiss the voluntary proceedings that the term "corporations" as extended or made more comprehensive by the Bankruptcy Act relates solely to organizations having a limited liability of those interested in them ("under laws making the capital

subscribed alone responsible for the debts of the association") and comprehends only business or commercial organizations. A consideration of the development of the legislation and examination of the present Act, however, fails to sustain such contentions.

The present definition of corporations in Section 1, sub. 8 of the Chandler Act is derived from Section 1, sub. 6 of the Act of July 1, 1898, c. 541, § 1, 30 Stat. 544, which originally read:

" 'Corporations' shall mean all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships, and shall include limited or other partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association; * * * " and this subsection was amended by the Act of May 27, 1926, c. 406, § 1, 44 Stat. 662, by the placing of a comma after the word "association" and the addition of the following words: " * * * joint stock companies, unincorporated companies and associations, and any business conducted by a trustee, or trustees, wherein beneficial interest or ownership is evidenced by certificate or other written instrument."

Thus, it will be noted that the definition of a corporation as it appears in section 1, subsection 8, of the Chandler Act, is substantially the same as existed under the amending Act of May 27, 1926.

It may be noted also that section 4, sub. a has been subjected to but little change since the Act of June 25, 1910, c. 412, §§ 3, 4, 36 Stat. 839.

Prior to the Act of June 25, 1910, section 4, sub. a, as originally enacted by the Act of July 1, 1898, c. 541, 30 Stat. 547, read as follows: "Any person who owes debts, *except a corporation,* shall be entitled to the benefits of this Act as a voluntary bankrupt."

The June 25, 1910, Act made drastic changes in section 4, sub. a.

The 1910 amendatory Act read: "Any person, except a municipal, railroad, insurance, or banking corporation, shall be entitled to the benefits of this Act as a voluntary bankrupt."

The drastic changes were two-fold:

First, the clause "who owes debts" qualifying "any person" was omitted.

Second, the words "except a corporation" present in the 1898 Act were omitted

and only "municipal, railroad, insurance, or banking" corporations were excluded from filing voluntary petitions in bankruptcy.

The Act of February 11, 1932, c. 38, 47 Stat. 47, made a slight change in section 4, sub. a by adding to the excluded corporations "or a building and loan association", the 1932 amendatory Act reading: "Any person, except a municipal, railroad, insurance, banking corporation, or a building and loan association, shall be entitled to the benefits of this Act as a voluntary bankrupt."

Section 4, sub. a of the present Act, the Chandler Act, is the same as the 1932 version except that the word "or" was placed before the word "banking".

I have discussed in detail the changes in the Bankruptcy Act because counsel on both sides have stated in their oral arguments and in their briefs that there is a dearth of authority on the issue in controversy.

That is definitely not so. Various courts in considering the provisions of section 4, both subs., a and b, and the definitions "persons" and "corporations", prior to the enactment of the Chandler Act, have ruled on their interpretation and scope.

The issue in the instant case has been obscured by the mistaken direction of attention on the part of counsel to the scope of section 4, sub. b rather than that of section 4, sub. a which is the pertinent and controlling section.

The issue in this case, as to whether an unincorporated fraternal association may file a voluntary petition in bankruptcy (whether or not the association is conducted for profit), is clearly ruled by the express provisions of section 4, sub. a of the amended Bankruptcy Act and the definitions of "persons" and "corporations" in that Act.

The courts have frequently stressed the distinction between voluntary bankruptcy proceedings as embraced in section 4, sub. a and involuntary bankruptcy proceedings as embraced in section 4, sub. b.

There is a sharp line of demarcation between the scope of these two sections, because of the numerous qualifying provisions in section 4, sub. b which are absent in section 4, sub. a.

In short, certain "corporations" as defined by section 1, subsection 8, which may

file voluntary petitions, are excluded from the operation of involuntary proceedings.

Section 4, sub. a entitles any "person", which includes "corporations" under the definition of "persons" in section 1, sub. 23 and "unincorporated companies and associations" under the definition of "corporations" in section 1, sub. 8, with certain exceptions not pertinent here, to the benefits of a *voluntary* bankruptcy proceeding.

Section 4, sub. b confines *involuntary* proceedings to any *natural person* and "any moneyed, business, or commercial corporation", again with certain exceptions not here pertinent. The omission of the phrase "any moneyed, business, or commercial corporation" from section 4, sub. a, and the insertion of the word "natural" before the word "person" in section 4, sub. b, conclusively expresses the intent of Congress.

In Re Manufacturing Lumbermen's Underwriters, D.C. Dec. 30, 1936, 18 F. Supp. 114, it was held that under section 4, sub. a, only *natural* persons, corporations, and partnerships might file a voluntary petition, thus excluding unincorporated associations. I cannot subscribe to that ruling. Such a construction ignores the definitions of the words "persons" and "corporations" as set forth in sections 1, subs. 23 and 8 respectively.

 I am in accord with the statement made in Collier on Bankruptcy, 14th Ed., Section 4.06, pp. 593, 594, referring to the definitions of the words "persons" and "corporations" as set forth in the Bankruptcy Act:

"These definitions are set out for the express purpose of use throughout the Act and since the word 'persons' as used in Sec. 4, sub. a must therefore be held to include corporations, and since 'corporation' is defined as including 'joint stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument', a sound construction places unincorporated bodies within the scope of Sec. 4, sub. a. Any other conclusion is illogical. As any unincorporated body within the provisions

of Sec. 4, sub. b may be adjudged an involuntary bankrupt, to withhold the benefits of voluntary bankruptcy from such bodies does not subserve the policy of the Bankruptcy Act and is undesirable."[1]

In Re Poland Union, 2 Cir., 77 F.2d 855, it was held that an unincorporated association on voluntary petition was entitled to the benefit of reorganization provisions of the Bankruptcy Act under which "joint stock companies, unincorporated companies, and associations" may be declared bankrupt and maintain reorganization proceedings. Bankr.Act §§ 4, 77B, 11 U.S.C.A. §§ 22, 207.

The Supreme Court of the United States, in Meek v. Centre County Banking Co., 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028, emphasized the distinction between a voluntary and an involuntary proceeding in bankruptcy.

Corpus Juris Secundum vol. 8, Bankruptcy, § 49, Persons Who May Become Voluntary Bankrupts, has this to say on the provisions of sec. 4, sub. a of the Bankruptcy Act (p. 467):

"Under the terms of Bankruptcy Act § 4(a) (11 U.S.C.A. § 22, [sub.] a), as amended, granting the benefits of the Act as a voluntary bankrupt to any person, except a municipal, railroad, insurance, or banking corporation, or a building and loan association, practically any person or entity coming within the bankruptcy definition of 'persons' may institute voluntary proceedings, unless it is a corporation or association falling within one of the excepted classes."

And, in § 50, Corporations, vol. 8 C.J.S., Bankruptcy, makes this statement (p. 467):

"Although the rule was otherwise under the original terms of the Bankruptcy Act of 1898 § 4(a) (11 U.S.C.A. § 22, [sub.] a), which expressly excepted corporations, it is now well settled that, since the amendments * * * entitling 'any person,' except a municipal, railroad, insurance, or banking corporation, or a building or loan association, to the benefits of the Act as voluntary proceedings, a corporation, which is a person within the definition provisions of the Act * * *, has the right to institute voluntary proceedings, unless it falls within one of the excepted classes.

---

[1] See Colin, An Analysis of the 1926 Amendments to the Bankruptcy Act (1926), 26 Col.L.Rev. 789, at p. 790; also DeFuniak, Right of Unincorporated Companies and Associations To File Voluntary Petition in Bankruptcy (1938) A-1 Corporate Reorganizations 336.

"Particular corporations, which, among others, have been held not to come within any of the exceptions, and hence are entitled to institute voluntary proceedings, are membership corporations, formed for the purpose of furnishing recreation to its members; fraternal benefit societies or associations which are corporations within the Bankruptcy Act definition; and gas and electric companies."

In the case of In re Elmsford Country Club, D.C. March 12, 1931, 50 F.2d 238, in an opinion written by Judge Patterson of the Southern District of New York, the distinction was drawn between a voluntary and an involuntary bankruptcy proceeding, under the Act of July 1, 1898, as amended by the Act of May 27, 1926. In that case the court held that a membership corporation operating a golf club for the pleasure of its members was capable of being a voluntary bankrupt, but was not subject to involuntary proceedings in bankruptcy. In ruling that the country club could not be subjected to an *involuntary* proceeding in bankruptcy, the court stated (50 F.2d at page 239): " * * * for no one can doubt that the club might have filed a *voluntary* petition and thus been adjudged bankrupt."

And in making the order vacating the involuntary petition, the court stated: "The motion will accordingly be granted and the adjudication vacated. The club may, of course, file a *voluntary* petition."

In the case of In re Michigan Sanitarium & Benevolent Ass'n, D.C. Oct. 9, 1937, 20 F.Supp. 979, Judge Tuttle of the Eastern District of Michigan, S.D., in ruling that an "eleemosynary corporation", charitable and benevolent in character, and not operated for pecuniary gain, is not a "business corporation" amenable to the provisions of the Bankruptcy Act on *involuntary* petition, also emphasized the distinction between a *voluntary* bankruptcy proceeding and an *involuntary* bankruptcy proceeding. While the question involved in that case was as to whether or not the Association could be subjected to an involuntary proceeding, the court made the distinction between voluntary and involuntary proceedings, stating (20 F.Supp. at page 981):

"It is conceded by all that the debtor could invoke the provisions of the Bankruptcy Act proper (11 U.S.C.A. § 1 et seq.) on voluntary petition, and it is argued by the petitioners that the Association is likewise subject to said act against its will on involuntary petition as a 'business' corpora-

tion, within the meaning of section 4, subdivision b of the Bankruptcy Act (as amended 11 U.S.C.A. § 22); it being conceded that it is neither a 'moneyed' or 'commercial' corporation within the provisions of said section."

Again, on page 983 of 20 F.Supp., it was stated:

"Bankruptcy is a statutory proceeding, and if such an involuntary petition may be filed against an association of the character of Michigan Sanitarium & Benevolent Association, the right so to do must be found within the terms and provisions of the act. The court finds no such provision. *Like a farmer and a laborer, such a corporation may file a voluntary petition, but like a farmer and a laborer, such association is exempt from involuntary proceedings under the provisions of the act.*" (Emphasis supplied.)

In the case of In re Carthage Lodge, No. 365, I.O.O.F., D.C. March 11, 1916, 230 F. 694, Judge Ray of the Northern District of New York discussed at considerable length the right of a fraternal organization similar in nature to that of the Consistory to file a voluntary petition in bankruptcy. In ruling that the Carthage Lodge could file a voluntary petition, Judge Ray also drew the distinction between voluntary and involuntary proceedings. Section 4, sub. a of the amended Bankruptcy Act is virtually identical in language with section 4, sub. a of the Bankruptcy Act under consideration in the Carthage Lodge decision. Said Judge Ray on page 698 of 230 F. in his opinion:

"It is clear, therefore, that *any corporation or partnership* is entitled to the benefits of the act, and may file a voluntary petition in bankruptcy, except a 'municipal, railroad, insurance or banking corporation.' The Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), as to those entitled to the benefits of the act, was narrower than is the act of 1898, as amended in 1910, as that act of 1867 limited the benefits of the act in case of voluntary bankrupts to 'moneyed, business, or commercial corporations.' The corporations entitled to the benefits of the act of 1898 as voluntary bankrupts are not limited to moneyed, business, or commercial corporations. Municipal, railroad, insurance, and banking corporations only are excluded from the benefits of the act of 1898, as amended, as *voluntary* bankrupts. When we come to subdivision 'b' of section 4, we

find that *only* moneyed, business, or commercial corporations, excepting therefrom municipal, railroad, insurance and banking corporations, may be proceeded against in *involuntary* bankruptcy."

In support of the motion to dismiss, counsel cited In re William McKinley Lodge No. 840, F. & A. M., D.C., 4 F.Supp. 280. However, that case dealt with an involuntary petition in bankruptcy. Similarly, In re Roumanian Workers Educational Association of America, 6 Cir., 108 F.2d 782, dealt with an involuntary proceeding, as did In re Lloyds of Texas, D.C., 43 F.2d 383. These cases are not applicable to the instant issue.

For the reasons stated, the petition to dismiss the voluntary petition in bankruptcy is denied.