**In re SOUTH SHORE CO-OPERATIVE ASS'N, Inc.**

No. 20306.

District Court, W. D. New York.

Oct. 5, 1933.

Wilfred McCarthy, of Buffalo, N. Y., for petitioner.

F. G. Anderson, of Buffalo, N. Y., for alleged bankrupt.

KNIGHT, District Judge.

A petition has been filed to have the South Shore Co-operative Association, Inc., adjudicated a bankrupt. The answer interposed denied bankruptcy, and alleged affirmatively that the said company is not subject to being declared a bankrupt.

The issues raised were referred to a special master to ascertain and report the facts, with his conclusions thereon. Since the reference, the alleged bankrupt has stipulated that it was insolvent at the time the petition was filed. The master reports that in his opinion the said bankrupt is subject to the bankruptcy law, and is and should be declared a bankrupt. In that opinion this court concurs.

The alleged bankrupt is a corporation organized in pursuance of article 13-A of the Membership Corporations Law of the state of New York (Consol. Laws N. Y. c. 35, as added by Laws 1918, c. 655, amended by Laws 1919, c. 485). Since the date of the incorporation, article 13-A has been repealed and re-enacted as a part of the Co-operative Corporations Law (Consol. Laws N. Y. c. 77). The latter statute specifically provides that the corporation incorporated under article 13-A is a corporation under the provisions of the Co-operative Corporations Law. There has been no change in these statutes which affects the consideration of the question involved here.

Section 4 of the Bankruptcy Act of 1898, 11 USCA § 22 (b), provides in subdivision (b): "Any moneyed business, or commercial corporation (except a municipal, railroad, insurance, or banking corporation * * *) owing debts to the amount of $1,000 or over,"

may be adjudged an involuntary bankrupt upon default or an impartial trial, and shall be subject to the provisions and entitled to the benefits of this act.

The alleged bankrupt is a co-operative agricultural association without capital stock. The purpose for which it is formed is "for mutual help, not conducted for profit, for the purpose of assisting its members or any of them, by performing services connected with the production, manufacture, * * * of agricultural, dairy or horticultural products produced by them." Section 30, Co-operative Corporations Law (Consol. Laws N. Y. c. 77). Its powers are, among others, to handle or market products of its members, to handle products of nonmembers, to borrow money and contract debts, when necessary for the transaction of its business, to make advance payments or loans to members, to act as the agent in the above-enumerated activities, to establish reserves and invest funds, which is provided in its by-laws, to own real or personal property, to secure patents, to exercise "any other rights, powers and privileges conferred by the general, stock or membership corporation law, except such as are inconsistent with" the provisions of the Co-operative Corporations Law.

If a "business" corporation, as that term is used in the Bankruptcy Act (11 USCA), means a corporation organized for profit, the alleged bankrupt is not subject to the bankruptcy law. But the Bankruptcy Act says nothing about "profits" in this connection. It is quite patent from the authority conferred by the statute that the alleged bankrupt is authorized to do "business." Clearly it is a business corporation in the sense that the word "business" is ordinarily construed. This construction is supported by the record in this case, which discloses the nature and extent of transactions carried on by the alleged bankrupt.

The question for determination has been before the courts on different occasions. Schuster v. Ohio Farmers' Co-Operative Milk Association (C. C. A.) 61 F.(2d) 337, 338, involves consideration of the particular question reviewed here, and the facts are similar to those in this case. In the opinion it is

said that: "Where the chief purpose of the corporation is to carry on trade or commerce in an established field, and to do this primarily for the financial benefit of those who have joined in its organization and in the conduct of its affairs, there is but little room for doubt that the corporation is a 'business or commercial' one within the intendment of the Bankruptcy Act."

In William McKinley Lodge No. 840, F. & A. M., Alleged Bankrupt (D. C.) 4 F. Supp. 280, in Southern District of New York, an unorganized group, authorized to do business as such under the benevolent orders law, rented real estate and obtained income therefrom while the group was not organized to do business for profit. It was nevertheless held that it was a business company subject to the Bankruptcy Act. The concluding statement in the opinion of Judge Coleman is that: "The fact that such profit as the lodge might make from the business transactions was not intended to be divided among the members did not prevent the lodge from being a business association." The attention of the court is called to Dairy Marketing Ass'n (D. C.) 8 F.(2d) 626; and In re Weeks Poultry Community, Inc. (D. C.) 51 F.(2d) 122; and In re Radke Co. (D. C.) 193 F. 735, 737, as sustaining the claim on behalf of the alleged bankrupt. In the first mentioned case the association was held to be not amenable to the Bankruptcy Act, and its decision is based upon the fact that the association was not conducted for profit. Weeks Poultry Community, Inc., follows the decision in the Dairy Marketing Association Case. In Re Radke Company it was held that the alleged bankrupt was amenable to the Bankruptcy Act because it was "transacting business for gain as its chief business." In the last mentioned case several authorities are cited as holding that engaging in business for profit is essential to constitute the corporation a business corporation within the provisions of the Bankruptcy Act. These decisions are in conflict with Schuster v. Ohio Farmers' Co-Operative Milk Ass'n and the view held by this court.

The report of the master is affirmed, and an order of adjudication in bankruptcy must be granted.