## In re AMERICAN GRAIN & CATTLE, INC., et al., Debtors.

### No. BK–5–75–14 F.

United States District Court,
N. D. Texas,
Lubbock Division.

June 15, 1976.

John B. Atwood, III, L. E. Creel, III, Creel, Atwood & Spinuzzi, Dallas, Tex., for American Grain & Cattle, Inc.

Ray B. Williamson, Shank, Irwin, Connant, Williamson & Grevelle, Dallas, Tex., for J. P. Knight and Midwest Grain Co.; purchaser of debtor's assets and funder of Plan of Arrangement.

Robin E. Phelan, Haynes & Boone, Dallas, Tex., for Joseph Harbeke, Lars Borgen, Melvin Kroplin, Henry Kroplin, Dean Rust; petitioning creditors.

Pat Maloney, San Antonio, Tex., for Vincent R. Chiodo, Oran H. Coleman, Milton L. Urban, Warren B. Woods, Leo McLang, Albert Klopek, Gene Proctor, Jesse M. Lindsay, R. B. Good, John Pipes, Ray Schoen, William Setzkorn.

### ORDER

WOODWARD, District Judge.

Appellants Vincent R. Chiodo, Oran H. Coleman, Milton L. Urban, Warren B. Woods, Leo McLang, Albert Klopek, Gene Proctor, Jesse M. Lindsay, R. B. Good, John B. Pipes, Ray Schoen, and William R. Setzkorn, have appealed to this court all orders entered in this proceeding by the Honorable John C. Ford, Bankruptcy Judge, on November 21, 1975 for the following reasons:

1. That because the Debtor herein is not now and has never been insolvent.
2. Because the Debtor herein is not now and has never been subject to the jurisdiction of this Bankruptcy Court.
3. Because the Debtor named herein is not now and has never been bankrupt.

4. Because the Debtor herein is not now and has never been amenable or subject to any of the provisions of the Bankruptcy Laws under Chapter XI or any other Chapters and its financial affairs do not and did not justify the proceedings in Bankruptcy.

5. Because the fees and expenses allowed under the aforesaid Orders are exorbitant, unreasonable and not justified by the facts or the evidence or the law.

6. That the said Orders are not·in the best interest of these parties in interest.

7. Such Orders are not in the best interest of the Debtor herein.

8. That there has never been, and said Orders do not constitute, a bona fide intent to reorganize the Debtor, but in truth and in fact, manifest the attempt of all adverse parties to these appellants to liquidate the Debtor.

9. Because the aforesaid Orders, and all Orders entered in this proceeding, have been contrary to the provisions of 28 U.S.C. Sec. 455(a) and (b)(1), in that the· Honorable John C. Ford, Bankruptcy Judge, should have disqualified himself in these proceedings because of his personal bias or prejudice concerning Morris D. Jaffe.

The briefs and accompanying affidavits of all interested parties have been received and considered. After reviewing the briefs of the parties, the court feels that appellants are seriously asserting only two of the above-listed grounds: (1) That the Debtors are not subject to the jurisdiction of the Bankruptcy laws, and (2) That the Bankruptcy Judge should have been disqualified because his impartiality was said to be in question. No other points were briefed by appellants.

■ As to the jurisdiction questions, appellants rely on *In re Dairy Marketing Association of Fort Wayne, Inc.*, 8 F.2d 626 (D.C.Ind.1925), and *In re Weeks Poultry Community, Inc.*, 51 F.2d 122 (S.D.Cal.1931). In *Dairy*, the court held that the association was not a "moneyed, business, or commer-

cial corporation" as that phrase was used and intended by Congress, because it was nonprofit. The *Weeks* case adopted the *Dairy* holding in a one-paragraph order with no discussion.

Appellees cite *Schuster et al. v. Ohio Farmers' Cooperative Milk Association*, 61 F.2d 337 (6th Cir. 1932). *Schuster* overruled *Dairy Marketing* and *Weeks* expressly, and held that the milk cooperative was a "business or commercial" corporation within the intendment of the Bankruptcy Act. A New York district court followed *Schuster. In re South Shore Cooperative Association, Inc.*, 4 F.Supp. 772 (W.D.N.Y.1933). The strongest authority in favor of jurisdiction is *In re Wisconsin Cooperative Milk Pool*, 119 F.2d 999 (7th Cir. 1941), *cert. den.*, 314 U.S. 665, 62 S.Ct. 105, 86 L.Ed. 525. Citing ·*Schuster*, the Court said, "Congress has not seen fit to exempt co-operative associations . . . there seems to us no room for doubt that the corporation is a business or commercial corporation within the intendment of the Bankruptcy Act." *Wisconsin, supra*, at 1001. AGCI, incorporated in Texas and acting under the Texas Cooperative Marketing Act, Tex.Rev.Civ. Stat.Ann. art. 5737 et seq., has broad powers, and appellees allege that the powers and purposes are virtually identical to those in the above cases. This court is satisfied that jurisdiction exists over AGCI, American Grain Corporation, and G. W. Simmons, Inc.

■ The appellants further allege on appeal that the referee in Bankruptcy should have been disqualified because of bias or prejudice. They say that Morris Jaffe was closely associated with appellants, and the plan they attempted to present to the Bankruptcy Judge was contingent on the cooperation and association of Jaffe. The Judge's prejudice against Jaffe is said to have foreclosed any chance of getting appellants' plan approved. In opposition, the appellees assert that Morris Jaffe made no appearance except to file a proof of claim, was not an officer or director of Debtor during the proceedings, and further was not a party proponent or opponent in regard to matters

decided in the orders here in dispute. Since no action was taken in this proceeding concerning Jaffe's claims, or the claims of the Debtor against Jaffe, appellees say that even *if* prejudice were found to exist, Jaffe is so remote that it is irrelevant.

28 U.S.C. § 455 states in part:

(a) Any . . . referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

This court is of the opinion that the record in this case does not indicate that disqualification of the Bankruptcy Judge was necessary. The relationship of Jaffe to the parties involved here was too distant to merit disqualification of the Referee because of bias "concerning a party" under 28 U.S.C. § 455(b)(1). It is clear that Jaffe was not a party. Neither does the record show that alleged bias against Jaffe was so great that its effect could cause the Referee's impartiality to be questioned under § 455(a). Therefore, this court holds that the Bankruptcy Judge's failure to disqualify himself was not error.

The orders of the Bankruptcy Judge of November 21, 1975 are *AFFIRMED.* The appellants made no timely objection to the plan which was later confirmed, and so waived the right to do so on appeal. The record shows further that they accepted benefits under the plan and cannot now be heard to complain. From a review of the materials on file, it appears to this court that the orders, rulings, and findings of the Bankruptcy Judge are in the best interest of all the parties concerned. Indeed, there is no evidence that any party put forth evidence that the arrangement in question was not in the best interest of the creditors. Therefore, the relief sought by appellants is *DENIED* and the appeal is DISMISSED.

The Clerk will furnish a copy hereof to the Honorable John C. Ford, Bankruptcy Judge, and to each attorney.