### In re INTERNATIONAL HOUSE OF PANCAKES, INC., A Delaware Corporation, Plaintiff,

v.

### The AMERICAN DRUGGISTS' INSURANCE COMPANY, an Ohio Corporation, Defendant,

v.

### CPM–BUILDERS, INC., A Texas Corporation, Loren H. Pelton and Linda A. Pelton, Debtors.

### Bankruptcy No. 82 A 1591.

United States Bankruptcy Court, N. D. Illinois, E. D.

Sept. 8, 1982.

Ronald Barliant, Barry A. Miller, Kaupp & Miller, Chicago, Ill., for Intern. House of Pancakes.

Charles A. Gilmartin, Amy L. Goodman, Gilmartin, Hallenbeck, Schroeder & Hacker, Chicago, Ill., for American Druggists' Ins.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on defendant's (American Druggist's) motion for change of venue and plaintiff's (IHOP's) petition for remand or abstention. The court being fully advised in the premises and having carefully considered the memoranda filed, hereby grants plaintiff's petition for abstention.

American Druggist contends that this cause was properly removed and is properly before the bankruptcy court due to its integral relationship to the bankruptcy proceedings of the debtor CPM-Builder, Inc., presently pending in Texas. American Druggist contends, however, that in the interest of justice and for the convenience of the parties this cause should be transferred to the U.S. Bankruptcy Court for the Northern District of Texas. IHOP contends that since CPM and its principals are not parties to its suit the exercise by this court of jurisdiction over this case would be inequitable and contrary to the interests of justice and therefore it should be remanded or this court should abstain from exercising its jurisdiction.

## FACTUAL BACKGROUND

On November 3, 1978 CPM–Builders, Inc. (CPM) entered into a contract with IHOP in which it agreed to act as general contractor for the construction of an IHOP restaurant in East Hazelcrest, Illinois. On November 24, 1980 American Druggist executed a performance bond with respect to that contract. CPM began performance pursuant to its contract but before completion a controversy arose and the contract was terminated. On March 19, 1982 IHOP filed this suit against American Druggist in the U.S. District Court for the Northern District of Illinois. The complaint seeks damages from American Druggist under its performance bond as the result of CPM's alleged breach of contract. Neither CPM nor its principals are parties to this suit.

However, CPM and its principals, Loren and Linda Pelton, have filed Chapter 7 petitions in the U.S. Bankruptcy Court for the Northern District of Texas and have initiated therein an adversary proceeding against IHOP alleging wrongful termination of its contract and damages. American Druggist, meanwhile, sought a stay of the Illinois proceedings pending the outcome of the

**928**

CPM bankruptcy proceedings in Texas. However, the District Court for the Northern District of Illinois ruled that this case was not subject to the automatic stay of the Bankruptcy Code. American Druggists then filed its petition for removal with this court pursuant to 28 U.S.C. 1478(a) and subsequently filed a Motion for Change of Venue to the U.S. Bankruptcy Court for the Northern District of Texas. IHOP then filed its petition for remand or abstention.

## DISCUSSION

Jurisdiction of the Bankruptcy Court under the Bankruptcy Code is provided by 28 U.S.C. § 1471 which states:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, *in the interest of justice,* from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

In conjunction with § 1471(c) above, § 305 of the Bankruptcy Code outlines the abstention doctrine:

(a) The court, after notice and a hearing, may dismiss a case under this title or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is a pending foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

Before this court is a complaint against a surety on a contract executed between the plaintiff IHOP and a Texas Chapter 7 debtor. The debtor is not a party to this litigation and is not a debtor in this district. The only significant basis for venue in this court or any Illinois court is that the building which was to be constructed pursuant to the sued upon contract is located in Illinois. Debtor is a Texas Corporation, plaintiff IHOP is a California Corporation simply doing business in Illinois and defendant American Druggist is a Texas Corporation.

The adoption of the Abstention doctrine by § 305 of the Bankruptcy Code is a codification of the well-recognized fact that there are instances where it appears to be proper for the Court to decline jurisdiction. (*Matter of WPAS, Inc.,* 6 B.R. 44 (Bkrtcy. M.D. Fla. 1980). This is one of those instances. Under § 304(c) of the Bankruptcy Code the court is to be guided by what will best assure an economical and expeditious administration of the estate. Certainly where the debtor has filed its bankruptcy petition in Texas, where the plaintiff's suit is against a Texas Corporation as surety for the debtor, where debtor is not even a party to that litigation and where the suit between plaintiff and defendant is one for breach of contract, an Illinois Bankruptcy court is not the most proper or convenient court for an economical and expeditious administration of the debtor's estate. In fact this proceeding is so remotely connected with Illinois that it is questionable whether the District Court where this litigation was commenced is a proper forum to hear the suit. However, the venue question is not here decided and it is left to the District Court should American Druggist so choose to raise it.

Guidance as to the general instances in which abstention should be exercised can be found by § 305's accompanying legislative history, which states:

> A principle of the common law requires a court with jurisdiction over a particular matter to take jurisdiction. This section recognizes that there are cases in which it would be appropriate for the court to decline jurisdiction... Thus, the court is permitted, if the interests of creditors and the debtor would be better served by dismissal of the case or suspension of all proceedings in the case, to so order....
>
> House Report No. 95–595, 95th Cong., 1st Sess. (1977) 325; Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 35, U.S. Code Cong. & Admin. News 1978, pp. 5787, 5821, 6281.

The decision by the bankruptcy court as to abstention should be made on a case by case basis. 28 U.S.C. Sec. 1471 gives bankruptcy courts all-encompassing jurisdiction. However, § 1471(d) recognizes that a grant of such comprehensive jurisdiction may frequently give rise to situations in which the bankruptcy court should refuse to hear certain matters. (*In re Harlow,* 12 B.R. 1 (Bkrtcy. D. Vermont 1981), 39 Fed. Bar. Journ. 1–2, p. 81). The present case is a good example of a situation in which the bankruptcy court should refuse to hear the matters, even though technically it has jurisdiction under 28 U.S.C. 1471.

The decision to abstain in this matter is not based on the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) since the effect of that decision was stayed by the Court until October 4, 1982. Therefore, no discussion of the *Marathon* opinion is necessary or indicated here. This court simply abstains from exercising jurisdiction over the controversy in the interest of justice and judicial economy given the facts presented.

## CONCLUSION

28 U.S.C. § 1471 grants this court broad jurisdiction to hear all civil proceedings arising under title 11 or arising in or related to cases under title 11. Also, § 1471 in conjunction with § 305 of the Bankruptcy Code, confers discretion upon this court to abstain from hearing particular proceedings over which it has jurisdiction when the interests of justice so demand. The court in exercising its discretion is to be guided by what will best assure an economical and expeditious administration of the debtor's estate. Where the debtor has filed its bankruptcy petition in Texas, where plaintiff's suit is against a Texas Corporation as surety for the debtor, where debtor is not even a party to the litigation at issue and where the suit between plaintiff and defendant is one for breach of contract, an Illinois Bankruptcy Court is not the court that can best assure an economical and expeditious administration of the debtor's estate.

WHEREFORE, IT IS HEREBY ORDERED that plaintiff's petition for abstention be and is hereby granted.