### In the Matter of FITZGERALD GROUP, Debtor.

### Bankruptcy No. 82 B 10419 ER.

United States Bankruptcy Court, S.D. New York.

Aug. 15, 1983.

## FINDINGS OF FACT AND CONCLUSION OF LAW

EDWARD J. RYAN, Bankruptcy Judge.

### Introduction

A motion was filed by the United States Trustee for the Southern District of New York on notice to the debtor and all creditors to dismiss the Chapter 11 case of Fitzgerald Group (hereinafter the "debtor") pursuant to 11 U.S.C. § 305. A hearing was held on July 11, 1983 at which time only the United States Trustee and Jeffrey M. Fitzgerald, the sole surviving partner, appeared. Based upon the arguments of the parties and the entire proceedings in this case, the Court makes the following findings of fact and conclusions of law.

### Findings of Fact

1. The debtor, a New York partnership, commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on March 21, 1983.

2. The debtor is engaged in the executive search business.

3. Prior to the commencement of the Chapter 11 case, one of the two partners of the debtor, Robert W. Fitzgerald, died on December 29, 1982. Jeffrey M. Fitzgerald is the sole surviving partner.

4. The United States Trustee has been unable to form a committee of unsecured creditors in this case due to insufficient indications of willingness to serve by the creditor body.

5. On May 3, 1983 the debtor filed its schedules of assets and liabilities, statement of financial affairs and statement of executory contracts. The schedules indicated only one asset, namely a typewriter valued at $2,500.00. The schedules also reflect merely nine general unsecured creditors with total claims of approximately $23,000.00.

6. The debtor has failed to file any operating statements since the commencement of the case.

7. The debtor has not filed a plan of reorganization or a disclosure statement.

8. Pursuant to N.Y. Partnership Law § 62, the partnership dissolved as a result of the death of one of the partners and the partnership only continues to exist in order to wind up the affairs of the partnership.

9. The interests of creditors and the debtor would be better served by a dismissal of the case. 11 U.S.C. § 305(a)(1).

10. Any findings of fact that is contained in the following conclusions of law is hereby expressly incorporated within the findings of fact as though expressly set forth herein.

### Conclusions of Law

A. Based upon the entire record in this proceeding, this Court concludes that pursuant to 11 U.S.C. § 305, this case should be dismissed. Section 305 of the Bankruptcy Code recognizes that there are situations under title 11 where it would be proper for the Bankruptcy Court to decline jurisdiction. *International House of Pancakes v. American Druggist Ins. Co.*, 22 B.R. 926, 928 (Bkrtcy.N.D.Ill.1982). The Bankruptcy Court is vested with the power to decline jurisdiction under 11 U.S.C. § 305, and the decision to abstain lies solely within the discretion of the Court. *2 Collier on Bankruptcy 305.1 (15th ed. 1979).* "The decision by the bankruptcy court as to abstention should be made on a case by case basis." *International House of Pancakes v. American Druggist Ins. Co., supra* at 929.

■ B. The debtor in this case is a partnership that was in dissolution at the time of the filing of this Chapter 11 bankruptcy petition. According to New York State Partnership Law, absent an agreement to the contrary, the death of any partner causes the dissolution of the partnership. New York Partnership Law § 62 subdiv. 4. The debtor was comprised of two partners, one of whom is deceased, thereby causing the dissolution of the partnership by operation of law. "No decree is necessary to terminate a partnership after one of the partners dies." *Sanders v. Wyle,* 67 N.Y. S.2d 623 (1946). Accordingly, "a dissolution is effective for all purposes except liquidation." *Patrikes v. J.C.H. Service Stations, Inc.,* 180 Misc. 917, 41 N.Y.S.2d 158, 168, *aff'd without opinion,* 180 Misc. 927, 46 N.Y.S.2d 233, *appeal denied,* 266 A.D. 924, 44 N.Y.S.2d 472 (1943).

C. Since the debtor has dissolved under subdivision 4 of section 62 of New York Partnership Law and exists as an entity only for "winding up its affairs," the Bankruptcy Court is an inappropriate forum for the winding up of the partnership and the interests of the debtor and of the creditors would be better served if the Bankruptcy Court dismissed this case. *Beckley v. Speaks,* 39 Misc.2d 241, 240 N.Y.S.2d 553, 556 (1963), *aff'd without opinion,* 251 N.Y. S.2d 1015, 21 A.D.2d 759, *appeal dismissed,* 15 N.Y.2d 546, 254 N.Y.S.2d 362, 202 N.E.2d 906 (1964).

D. "Courts have acknowledged that abstention is appropriate where federal proceedings are not necessary to reach a just and equitable solution." *In re B.D. International Corp.,* 13 B.R. 635, 639 (Bkrtcy.S. D.N.Y.1981). The interests of the debtor and the creditors would be better served by the debtor winding up the partnership in accordance with New York State Partnership Law rather than a federal forum. The debtor's schedules list unsecured debts without priority in the approximate sum of $23,000.00. The only assets claimed by the debtor is a typewriter valued at $2,500.00. Considering the marginal assets of the estate, the expenses of bankruptcy administration would deplete the estate further and not serve the interest of either the creditors or the debtor. In evaluating the interests of the creditors and the debtor, primary consideration should be given to the efficiency and the economy of administration. *In re Michael S. Starbuck, Inc.,* 14 B.R. 134 (Bkrtcy.S.D.N.Y.1981). These factors and the adequacy of remedies available to the debtor under New York State Partnership Law lead to the conclusion that the interests of the debtor and the creditors would be better served by the dismissal of the Chapter 11 case. *In re R.V. Seating, Inc.,* 8 B.R. 663 (Bkrtcy.S.D.Fla.1981).

E. Further, when determining the appropriateness of this case in Chapter 11 proceedings, the Court has considered the underlying purpose of Chapter 11 which is to rehabilitate the debtor and offer a fresh start. The debtor in this case is a partnership that has been dissolved by the death of a partner. There can be no opportunity to rehabilitate an entity that, by law, no longer exists except for the purposes of liquidation. This debtor seeks relief under Chapter 11, *a reorganization chapter,* when there is nothing which can be reorganized.

■ F. Because the debtor is, by necessity, in a winding up phase of a partnership, the debtor has no option but to liquidate. Liquidation is not the proper function of the special remedy of a Chapter 11 reorganization proceeding. *In re W.J. Rewoldt Co.,* 22 B.R. 459, 462 (Bkrtcy.E.D. Mich.1982); *cf. In re Property Management and Investment, Inc.,* 19 B.R. 202 (Bkrtcy.M.D.Fla.1982).

G. Since there is nothing in the record which would lead this Court to conclude that the interests of creditors or the estate would be better served by the conversion of this case to a Chapter 7, this Court finds that this case should be dismissed. Therefore, based upon the foregoing precepts of law and the findings of fact, this Court concludes that this case commenced under Chapter 11 of the Bankruptcy Code should be dismissed.

H. Any conclusion of law that is contained in the foregoing findings of fact is hereby expressly incorporated in these conclusions of law as though expressly set forth herein.

Now, upon the entire record of these proceedings, the court does hereby FIND and DETERMINE that this case commenced under Chapter 11 of the Bankruptcy Code should be dismissed pursuant to 11 U.S.C. § 305.

SO ORDERED.