## In re UNITED KITCHEN ASSOCIATES, INC.

### Bankruptcy No. 583–00590–M.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Aug. 17, 1983.

Sir Clyde Lain, II, Monroe, La., for Mary Lynch, et al.

Diehlmann C. Bernhardt, Monroe, La., for Lou Craig and Lou Craig's Shades Barbecue, Inc.

### FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

The issues at question are, first, may fifteen employees with claims in excess of

$5,000.00 put an employer into involuntary bankruptcy, and second, is the entity in question an eleemosynary corporation, and therefore exempt from involuntary bankruptcy?

On April 22, 1983, fifteen employees of United Kitchen Associates, Inc., debtor corporation, filed a petition to put debtor corporation into involuntary bankruptcy. The claims of these employees are past due wages, and the claims aggregate to $19,504.87.

These petitioning creditors claimed in their petition that United Kitchen Associates, Inc. was a Louisiana non-profit corporation. Now those petitioning creditors disclaim that United Kitchen Associates, Inc., is a non-profit corporation.

These petitioning creditors set forth two principal reasons why they believe that debtor corporation should not be classified as an eleemosynary corporation. First, these creditors allege that the debtor corporation has not filed an exemption number for status as a non-profit corporation with the Internal Revenue Service. Second, these creditors claim that United Kitchen Associates, Inc., has only received contributions from the Council of the Aging in six different parishes, and not from the general public.

United Kitchen's articles of incorporation, dated June 10, 1980, state that the corporation was incorporated as a non-profit corporation. The stated purpose in the articles is to provide meals to the elderly. The corporation was organized on a nonstock basis with only issuances of membership allowed for a $5.00 fee to each member. An issuance of membership entitled the member to vote at general membership meetings. The articles state that none of the profits of the corporation, if any, shall ever be disbursed to a holder of a membership certificate.

An audit report of the debtor corporation by James Orr, certified public accountant, showed that the accounts payable by the debtor corporation exceed the cash and accounts receivable of the debtor corporation by more than $14,000, on June 20, 1982.

There were no formal books of accounting produced for periods subsequent to June 30, 1982, because debtor corporation claimed none could be located. The bank statements for the period August 1, 1982, through March 31, 1983, showed deposits exceeded disbursements by $1,960.35 for the eight month period.

## CONCLUSIONS OF LAW

*Issue No. 1: May Fifteen Employees with Claims in Excess of $5,000.00 Put an Employer into Involuntary Bankruptcy?*

Under 11 U.S.C. 303(b)(1) a debtor may be put into involuntary bankruptcy through petition by three or more entities with noncontingent claims that aggregate to at least $5,000.00 more than the value of any lien on property of debtor if there are 12 or more creditors.

Under 11 U.S.C. 303(b)(2) one or more creditors may file a petition for involuntary bankruptcy if such claim or claims aggregate to at least $5,000.00 and there are fewer than 12 such holders, excluding an employee or insider of such person and any transferee of a voidable transfer under 11 U.S.C. 544, 545, 548, 549, or 724(a).

Under the plain meaning of 11 U.S.C. 303(b)(1) and (2) employees of the debtor may be petitioning creditors for involuntary bankruptcy of the debtor. Employees are only excluded when determining if the debtor has twelve or more "non-friendly" creditors. This exclusion does not apply when the employees desire to become petitioning creditors. 2 Collier on Bankruptcy ¶ 303.08[6] (15th ed. 1983).

Therefore, fifteen employees with aggregate claims of $19,504.87 may file a petition to put a non-exempt debtor into involuntary bankruptcy.

*Issue No. 2: Is United Kitchen Associates an Eleemosynary Corporation, and Therefore Exempt From Involuntary Bankruptcy?*

Under 11 U.S.C. 303(a) an involuntary case in bankruptcy may not be commenced against a "corporation" that is not

a moneyed, business, or commercial corporation. Such eleemosynary institutions as churches, schools, and charitable organizations and foundations are, thus exempt from involuntary bankruptcy. *H.Rept. No. 95–595, p. 322, Bkr-L Ed, Legislative History Section 82:16.*

The exemption granted these institutions is a continuation of earlier bankruptcy law. The pertinent provisions of the Bankruptcy Act of 1898 were phrased somewhat differently. Section 4 thereof (former 11 U.S.C.S. Section 22) stated that, "... any moneyed, business, or commercial corporation ... may be adjudged an involuntary bankrupt...". Hence, it was by judicial interpretation that eligibility for involuntary bankruptcy was limited to corporations organized for profit, and that charitable or educational institutions were excluded, at least unless transactions indicated otherwise. *9 Am.Jur.2d, Bankruptcy Section 227.*

■ The bankruptcy courts have not been consistent in their results. In the case of *In re Elmsford Country Club (1931, DC NY) 50 F.2d 238,* the court found a country club not to be subject to involuntary bankruptcy. In the case of *In re Allen University (1974, CA4 SC) 497 F.2d 346,* a university was found to be exempt, even though it carried on a number of commercial activities. In the case of *In re Weeks Poultry Community, Inc., (1931, DC Cal) 51 F.2d 122,* a corporation organized on a co-operative basis for the purpose of packing and marketing agricultural products for members and others to facilitate profitable marketing, was held not to be a moneyed, business, or commercial corporation. In the case of *In re Dairy Marketing Assn. (1925, DC Ind) 8 F.2d 626,* a dairy marketing association was held not to be a moneyed, business, or commercial corporation. However, in the case of *In re American Grain and Cattle, Inc., (1976, ND Tex) 415 F.Supp. 270, 2 B.C.D. 823,* the court found that co-operative associations were within the intendment of former 11 U.S.C. 22(b), and the court has jurisdiction over the bankrupt.

The disparity in results seem to flow from a conflict among the courts as to whether the "state classification rule" should apply, or the "bankrupt rule". The former gives a corporation the same status under the bankruptcy laws as it has under state law. The latter permits the bankruptcy courts to examine both the corporation's character and its activities to determine whether it should enjoy the immunity afforded charitable institutions. The 1978 Bankruptcy Code, as enacted, and its legislative history, does not appear to resolve this conflict. *9 Am.Jur.2d., Bankruptcy Section 227.*

In deciding this case, the court does not need to decide between the "state classification rule" or the "bankruptcy rule", for both will yield the same result. Under state law the debtor corporation was a non-profit corporation, and based on the corporation's character and the nature of its activities the court finds that it is a non-profit corporation.

The facts indicate that the debtor corporation was incorporated under the laws of the State of Louisiana as a non-profit organization, for the stated purpose of providing meals to the elderly. The debtor corporation was organized on a nonstock basis. The corporation did issue memberships, which were not ownership interests in the corporation, but instead were only rights to vote in the general membership meetings. The articles plainly state that none of the profits of the corporation, if any, shall ever be disbursed to a holder of membership certificate. It is not a requirement that disbursements equal or exceed contributions in order to retain the status of a non-profit corporation, but a review of the available financial data indicates that over the life of the debtor corporation disbursements have exceeded contributions.

The petitioning creditors argue that because the debtor corporation has not filed an exemption number for status as a non-profit corporation with the Internal Revenue Service then the court should not recognize the debtor corporation as a non-profit corporation. This is a procedural matter

for tax considerations to contributors, and does not change the status of the corporation under state law, nor does it change the character or the nature of the activities of the corporation.

The petitioning creditors allege that the debtor corporation has only received contributions from the Council of Aging in six different parishes, and not from the general public. Even if this allegation were proved, there was no evidence introduced that the debtor corporation would not accept contributions from the general public; in fact membership fees of $5.00 are a form of contribution from the public. However, the fact of the matter is that accepting or not accepting contributions from the general public is not a determinative factor in the classification of a corporation as either a for profit corporation or an eleemosynary corporation under the "state classification rule" or the "bankruptcy rule".

To summarize, though fifteen employees with claims in excess of $5,000.00 may file a petition of involuntary bankruptcy against an employer, United Kitchen Associates, Inc., is an eleemosynary corporation, and therefore is exempt from involuntary bankruptcy under 11 U.S.C. 303(a).