**In the Matter of CONDOMINIUM AS-SOCIATION OF PLAZA TOWERS SOUTH, INC., Debtor.**

**Bankruptcy No. 84–01015–BKC–JAG.**

United States Bankruptcy Court, S.D. Florida.

Aug. 30, 1984.

Arthur Halsey Rice, Joseph Paglino, Miami, Fla., for debtor.

Irving M. Wolff, Gerald Richman, Miami, Fla., for creditor.

### ORDER AND MEMORANDUM DECISION

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS MATTER came before the Court upon the Motion of CONDOMINIUM ASSOCIATION OF PLAZA TOWERS SOUTH, INC., Debtor's Motion to Reject Unexpired Lease. For the reasons set forth below, the Motion is granted.

### BACKGROUND

The CONDOMINIUM ASSOCIATION OF PLAZA TOWERS SOUTH, INC. (hereinafter PLAZA TOWERS) commenced this proceeding by filing a Chapter 11 Petition on or about June 4, 1984. On or about June 20, 1984, PLAZA TOWERS filed its Motion to Reject Unexpired Lease with respect to that certain Long-Term Lease (hereinafter Lease) wherein PLAZA TOWERS was the Lessee and Security Management Corporation (hereinafter SMC) as the successor in interest to Plaza Recreation Development Corp. was the Lessor.

Between the time that PLAZA TOWERS filed its Chapter 11 Petition and the date on

**20**

which it filed it's Motion to Reject Unexpired Lease (hereinafter Motion to Reject) SMC filed Motions seeking to have this Court abstain or, in the alternative, to dismiss the Petition. Both of SMC's Motions were denied without prejudice by Order dated June 11, 1984. Both of those Motions have been renewed by SMC, both orally and in writing during the course of the litigation concerning the Motion to Reject, with the permission of this Court, and both are again denied by this Court at this time with prejudice for the reasons set forth below.

SMC filed its Response in Opposition to Debtor's Motion to Reject on or about July 12, 1984 thereby rendering this proceeding a "contested matter" pursuant to Bankruptcy Rule 9014 and thereupon both sides entered into substantial discovery and preparation for Trial. This matter was tried for two days before the Court on August 16, 1984 and August 23, 1984. Both sides to this controversy have had more than an adequate time to conduct discovery given the relatively narrow issues before this Court and based upon the evidence presented and the Memoranda of Law submitted by counsel this Court does make the following findings of fact and conclusions of law.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

 The Court finds that the Chapter 11 Petition and the subsequent Motion to Reject were not filed in bad faith. Although the Bankruptcy Code does not specifically speak of good faith as a prerequisite for the filing of a Petition, it is clear that the element of good faith has been judicially interpreted into the Code. *Matter of Northwest Recreational Activities, Inc.*, 4 B.R. 36, 38 (Bankr.N.D.Ga.1980). The bulk of cases where a finding of bad faith has been made are those where one entity transfers assets to a second entity and immediately thereafter the second entity files for bankruptcy. Simply stated, a finding of lack of good faith has generally meant that the filing of the Petition constitutes fraud upon the Court. *Matter of*

*Levinsky*, 23 B.R. 210 (Bankr.E.D.N.Y. 1982). See also, *Furness v. Lilienfield*, 35 B.R. 1006 (Bankr.D.Md.1983); *In Re Eden Associates*, 13 B.R. 578 (Bankr.S.D.N.Y. 1981). A classic example of lack of good faith is found in *In Re Khan*, 34 B.R. 574 (Bankr.W.D.Ky.1983). Suffice it to say that there has been no evidence presented to this Court that would in any way support the conclusion that any of the classic indices of bad faith are present in this case. This Court concludes therefore that this Petition was not filed in bad faith as it did previously in its Order of June 11, 1984.

 SMC has also maintained that this Court should abstain and therefore dismiss the entire Chapter 11 Petition pursuant to Bankruptcy Code § 305 (11 U.S.C. 305 [1982]). In the Bankruptcy arena, the judicial prerogative of abstention is generally exercised where the interests of the Estate and the creditors will best be served by the submission to State Court of a particular controversy involving unsettled questions of State Property Law and arising in the course of Bankruptcy Administration. *In Re Martin-Trigona*, 35 B.R. 596 (Bankr.S. D.N.Y.1983). No evidence has been presented by SMC tending to establish any such fact in this case. Moreover, given the non-appealability of dismissal under § 305 of the Bankruptcy Code, this Court finds that SMC carries a substantial burden in advocating abstention in this case and that it has not met that burden and therefore, this Court denies the Motion again, this time with prejudice.

The threshold questions in deciding the narrow issue presented by PLAZA TOWERS' Motion to Reject are whether PLAZA TOWERS in fact has standing to file a Chapter 11 Petition and if so, whether the lease PLAZA TOWERS seeks to reject is, in fact, executory in nature and therefore subject to rejection under Bankruptcy Code § 365 (11 U.S.C. § 365 [1982]). This Court answers both of those questions in the affirmative.

 SMC has taken the position that notwithstanding the fact that PLAZA TOWERS is a validly organized corporation,

though a not for profit corporation, under Florida law it is merely a conduit and therefore its formal status as a corporation should be disregarded by this Court. According to SMC, all PLAZA TOWERS does is collect money from the members of the Association to pay bills for the common benefit of its members. That argument, however, must be rejected for at least two reasons. First, it is undisputed that PLAZA TOWERS is, in fact, a corporate entity with all of the rights and duties appurtenant thereto. The record reflects that PLAZA TOWERS files corporate tax returns, can sue and be sued in its own name, enters into contracts, maintains bank accounts and otherwise conducts business just as would any corporation. It is governed by a Board of Directors who are faced on a continuing basis with the same types of business decisions as are directors of all corporations.

Second, the notion that its corporate status should be disregarded simply because it has the power or perhaps even the duty to assess its members for its necessary expenses of operation belies the fact that the resources of its members are finite and that the Board of Directors must often choose between whether to hire additional security guards, or instead to paint the outside of the building, replace an aging air conditioning unit, or redecorate the lobby area. Under SMC's theory, the Board of Directors would never have a duty to question the cost of any particular acquisition since, according to SMC, the cost could simply be passed along to the Association members. SMC's argument fails to take into account that the resources of PLAZA TOWERS, through assessments to its members are as finite as those of any other corporation.

 The mere fact that the corporation is a not for profit corporation is of no consequence. It is well settled that a not for profit corporation can file a Chapter 11 Petition and that argument needs no further discussion by this Court. See generally, *In the Matter of: Mandalay Shores Cooperative Housing Association,* 22 B.R. 202 (Bankr.M.D.Fla.1982); and *In Re South Shore Cooperative Association, Inc.* 4 F.Supp. 772 (W.D.N.Y.1933).

Having concluded that PLAZA TOWERS does, in fact, have standing to file a Chapter 11 Petition, we now turn to the Lease itself. The Lease, dated March 1970 and captioned "Long-Term Lease" is a ninety-nine year lease covering the recreational facilities adjacent to PLAZA TOWERS. It is non-exclusive in that it permits SMC to enter into additional leases with other existing or planned condominium associations and, in fact, there is evidence before the Court that the Condominium Association of Plaza Towers North, Inc. now uses the same recreational area. The amenities provided under the lease are unimportant and suffice it to say that they include, among other things, a swimming pool and a building with meeting and card rooms. There is no question and SMC does not contest the fact that the lease is executory and therefore subject to rejection under § 365 of the Bankruptcy Code (11 U.S.C. § 365), subject to SMC's arguments set forth below.

SMC takes the position that the Debtor must show that the lease is "burdensome". Alternatively, if that is not the test to be applied and rather the "Business Judgment" test is to be dispositive in this case, SMC contends the Debtor has failed to demonstrate that it has properly exercised its business judgment in seeking to reject the lease.

 This Court rules as a matter of law that it is the "business judgment" test rather than the "burdensome" test that controls. *In Re Jackson Brewing Co.,* 567 F.2d 618 (Bankr. 5th Cir.1978); and, *In Re Minges,* 602 F.2d 38 (Bankr. 2d Cir.1979). The "business judgment" test essentially requires a showing that rejection will benefit the Estate. *In Re Sombrero Reef Club, Inc.,* 18 B.R. 612 (Bankr.S.D.Fla.1982). The evidence before the Court demonstrates that the Board of Directors of PLAZA TOWERS has fully ventilated the issue, has held open meetings extending invita-

tions to the various members of the Association to attend and express their feelings and if nothing else, it is crystal clear from the testimony produced at Trial that the members of the Association are in full and complete support of the decision made by the Board of Directors. SMC has not introduced any evidence tending to show that the business judgment of the Board of Directors of PLAZA TOWERS was improperly exercised and the Court will not second guess the business judgment of PLAZA TOWERS' Board of Directors unless there is a showing that their judgment is clearly erroneous. No such showing has been made. The Court concludes that PLAZA TOWERS has made the requisite showing that rejection would benefit the Estate.

█ The President of PLAZA TOWERS has testified that the corporation has purchased far less security and maintenance than it would otherwise do but for the lease payments required under the Lease. However, this Court finds that even if the "burdensome" test were to be applied there has been some evidence introduced tending to show that the lease is, in fact, burdensome.

## CONCLUSION

This Court concludes, based upon the findings of fact and conclusions of law set forth above, that PLAZA TOWERS' Motion to Reject should be granted. In so holding, this Court does not decide any other issue including whether rejection terminates the lease, what recourse if any SMC has against the Unit Owners or whether the Unit Owners are guarantors, co-tenants or otherwise with respect to the Lease. Those issues need not be decided in order for this Court to permit the rejection and are not properly before this Court, nor for that matter could some of them ever be decided by this Court. Upon the filing of a Proof of Claim by SMC this Court will determine what damages, if any, should be awarded to SMC pursuant to Bankruptcy Code § 502, 11 U.S.C. § 502 (1982).