**In re A & D CARE, INC., Debtor.**

**Bankruptcy No. 88–1515.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 6, 1988.

Lawrence G. Frank, Frank & Feldman, Harrisburg, Pa., for debtor-in-possession.

Douglas G. Linn, II, Butler, Pa., for Butler County.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Butler County's ("Butler") Motion for Abstention and Relief from the Automatic Stay, and Debtor's Motion to Assume an Executory Contract. Butler contends that this Court must abstain pursuant to 28 U.S.C. § 1334(c)(2); alternatively, Butler asserts that we should abstain pursuant to 28 U.S.C. § 1334(c)(1). Debtor asserts that abstention under either section is inappropriate, in that the issue being litigated, Debt-or's contract with Butler, is part and parcel of this bankruptcy administration.

Concurrently, Debtor seeks this Court's permission to assume said contract. Butler argues that the validity of the contract centers upon considerations of State law which are matters of first impression, and that any decision to assume or reject the contract begs the question as to the contract's validity.

A hearing was held on these issues and the parties have submitted briefs. Based upon same, and this Court's further research, we find that mandatory abstention would be improper, but that permissive abstention is appropriate. However, because this issue concerns the only significant asset of this debtor, thereby affecting the very existence of this bankruptcy estate, and because we find that abstention would truly be in the best interests of both the Debtor and its creditors, we will abstain and dismiss the entire case pursuant to 11 U.S.C. § 305.

## FACTS

On July 30, 1987, Butler, through its County Commissioners, entered into a contract with Buckingham Security Ltd. ("Buckingham") and Debtor for the operation of a facility called Washington Center. The parties dispute the classification of this facility. Butler asserts it was to be a minimum security prison. Debtor asserts it was to be a minimum security rehabilitation facility for inmates convicted on charges involving drug and alcohol abuse. This difference is the heart of the controversy.

In January of 1988 a new Board of County Commissioners took office; they determined that the contract with Debtor was invalid, as violative of Article 3, § 31 of the Pennsylvania Constitution,[1] and three Pennsylvania statutes, 61 P.S. § 408 [2], 61

---

1. Article 3, § 31 states in pertinent part:
   The General Assembly shall not delegate to any special commission, private corporation or association, any power to make, supervise or interfere ... or perform any municipal function whatever.

2. Title 61 P.S. § 408 delegates responsibility for the State's prison operation exclusively to the

P.S. § 1081, *et seq.*[3], and 16 P.S. § 1802.[4] The Commissioners also disputed Debtor's status as a party to the contract. On January 7, 1988 they voted to petition the Court of Common Pleas of Butler County for a Declaratory Judgment, requesting a finding that the July 30, 1987 contract was invalid as being unconstitutional, violative of the law, and of public policy.

On January 28, 1988 Buckingham and Debtor requested arbitration of their contract with Butler, through the American Arbitration Association ("AAA"). AAA scheduled an arbitration hearing for March 29 and 30, 1988. Thereafter, on February 8, 1988, Butler filed its Declaratory Judgment action. Two weeks later Butler filed a petition for a preliminary injunction, seeking a Court-ordered suspension of the arbitration proceeding, pending the decision on the declaratory judgment. Judge O'Brien of the county court granted the injunction request orally on March 23, 1988, and entered a written Order on March 24, 1988.

On March 28, 1988 Debtor filed its voluntary Chapter 11 petition in the Bankruptcy Court for the Middle District of Pennsylvania, and requested appointment of special counsel to proceed with the scheduled arbitration. Debtor did not advise the Court of the Butler County Court injunction Order. The following day, Debtor appeared at the scheduled arbitration hearing, but same did not go forward. On March 31, 1988 Butler filed the within Motion for Abstention. Thereafter the Bankruptcy Court for the Middle District of Pennsylvania transferred the entire Chapter 11 case to this Court, finding the Western District to be the more appropriate venue. 86 B.R. 43.

Litigation has been continuing in the state court contemporaneously with these bankruptcy proceedings. Debtor filed a Motion to dissolve the state court injunction, which was denied, and appealed. Butler and Debtor have both filed Preliminary Objections in the state court Declaratory Judgment action, and oral arguments on same are scheduled for September 13, 1988.

## ANALYSIS

Butler has requested that this Court abstain from hearing this case pursuant to 28 U.S.C. § 1334(c)(2), the mandatory abstention clause; alternatively, we have been asked to permissively abstain under the criteria of 28 U.S.C. § 1334(c)(1). We address these issues seriatum.

■ This Court would be *required* to abstain under the following circumstances:
(1) There has been a timely motion by a party in interest;
(2) The proceeding involves determinations of state law and is "related" to the bankruptcy case;
(3) The cause of action has already been commenced in a state court tribunal; and
(4) the cause of action can be timely adjudicated.

*In re Allegheny, Inc.*, 68 B.R. 183 (Bankr. W.D.Pa.1986); *Harley Hotels, Inc. v. Rain's International Ltd.*, 57 B.R. 773 (M.D.Pa.1985).

■ Mandatory abstention does not apply in the case at bar. While a timely motion has been made by Butler, and the action has been commenced and can be timely adjudicated in the state court, we find that this is a "core" proceeding pursu-

---

Prison Board in each county of the 3rd through 8th class.

**3.** Title 61 P.S. § 1081, *et seq.* (the Private Prison Moratorium and Study Act) prohibited the operation of a private correctional facility within the Commonwealth through June 30, 1987. The statute has expired by its terms without any further action. The statute did contain a grandfather clause, allowing such facilities, which were in operation in 1985, to so continue with substantial limitations. The parties agree that

the Debtor was not in operation during 1985, and that under the contract in question, Debtor did not intend to operate within the statutory limitations.

**4.** Title 16 P.S. § 1802 requires a successful contract bidder to post a fifty percent (50%) performance bond within thirty (30) days of contract award. The parties agree that said bond was not posted; however, Debtor asserts it was granted a delay by the previous Board of County Commissioners.

ant to 28 U.S.C. § 157(b)(2)(A), (G), (M) and (O). *See Harley Hotel, supra* at 780, quoting *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 729–730 (M.D.Ga.1985) ("If the claim is 'intimately connected with the property of the estate', then it may be a core proceeding despite the fact that its resolution would require an adjudication based on state law."). As the contract is Debtor's only asset, save some nominal furnishings, it is not only *intimately* connected with the estate, it *is* the estate. Therefore, any determination relating to the contract must be "core". Mandatory abstention can only arise in cases involving non-core, related proceedings. *In re Allegheny, Inc., supra; Harley Hotel, supra.* Therefore, mandatory abstention is not appropriate.

■ The Court may, however, choose in its discretion to abstain from hearing the cause of action, if it appears that to do so would be in the best interest of justice or comity with the state's courts and laws. *In re Allegheny, Inc., supra.* Abstention is especially advised where there are unsettled questions of state law. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); *Harley Hotels, supra; Matter of Krupke,* 57 B.R. 523 (Bankr.W.D.Wis.1986); *In re Kimrey,* 10 B.R. 466 (Bankr.M.D.N.C.1981). As stated by the court in *Krupke, supra,* at 528,

…Permissive abstention based on the alleged novelty of the state law issues may, however, be appropriate, if the resolution of those issues involves matters of substantial public import, and if there exists no state precedent that will enable the bankruptcy court to predict with reasonable certainty the result that the state courts would reach were the issue before them.

■ This is precisely the factual scenario presented to this Court. The question of privatization of state prisons has never been litigated in the appellate courts of Pennsylvania, nor has the delegation of authority over same to parties other than the Prison Board been so litigated. The maintenance and operation of facilities for inmate containment, be they called prisons

or rehabilitation facilities, is certainly of substantial public import. We are unable to predict with *any* certainty let alone *reasonable* certainty, what results would be reached by this State's Supreme Court. Rarely could more apparent grounds for abstention be found.

The only troubling aspect of this finding is that 28 U.S.C. § 1334 is generally applied to proceedings within a case, rather than the entire case. However, the Code does allow for abstention from the entire case where appropriate, and further provides for dismissal of same under specific conditions.

■ Section 305(a) states in pertinent part:

(a) The court, after notice and hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension;

■ The decision to so hold is discretionary and must be made on a case-by-case basis. *In re Business Information Company, Inc.,* 81 B.R. 382 (Bankr.W.D.Pa. 1988); *Matter of Fitzgerald Group,* 38 B.R. 16 (Bankr.S.D.N.Y.1983); *In re International House of Pancakes,* 22 B.R. 926 (Bankr.N.D.Ill.1982). The chief concern in this analysis is that the abstention/dismissal must be in the best interest of *both* the Debtor and the creditors. *In re Business Information Company, Inc., supra; In re Safon Ochart,* 74 B.R. 131 (Bankr.D.P.R. 1986). Abstention under § 305 is especially appropriate when a controversy arises on an unsettled issue of non-bankruptcy law. *In re Business Information Company, Inc., supra; Matter of Condominium Association of Plaza Towers South, Inc.,* 43 B.R. 18 (Bankr.S.D.Fla. 1984); *In re Martin–Trigona,* 35 B.R. 596 (Bankr.S.D.N.Y.1983).

■ In the instant case such abstention is clearly mandated. The issues presently being litigated involve unsettled issues of non-bankruptcy law: these questions are matters of first impression, involving the

State Constitution and several untested statutory provisions.

It is in all parties' best interests for this Court to abstain and allow the state courts to develop this area of the law. If the State court determines the contract to be valid, Debtor will have its asset upon which it can function profitably. And in fact, if Debtor still finds bankruptcy to be necessary, Debtor is not barred from refiling at that time. If the State court determines the contract to be invalid, Debtor is free to refile, albeit as a Chapter 7 liquidation.

Once the State court determines the validity of the contract, the creditors will also be in a better position to determine the appropriate actions which will best protect their interests. To be a creditor in a Chapter 11 case, where the asset upon which any plan of reorganization will be based may disappear at any moment, is certainly not the ideal situation. Nor does it serve any purpose for this Debtor to propose a plan in so tenuous a scenario. The parties will all be better served by this Court's abstention.

An appropriate Order will be issued.